NATHAN KATZ, Individually and Suing on Behalf of Himself and All Other Common Stockholders of R. HOE & Co., INC., Similarly Situated, Plaintiff, *v.* R. HOE & Co., INC., et al., Defendants.

Supreme Court, Trial Term, New York County, October 27, 1950.

460

*Gustave B. Garfield* for plaintiff.

*Booth & Baron* for Alfred D. Martin, defendant.

*Neil P. Cullom,* defendant in person and for R. Hoe & Co., Inc., and others, defendants.

COHALAN, J. In this action, two common stockholders of the corporate defendant (hereinafter referred to as " Hoe ") seek to enjoin a consolidation of Hoe with a wholly owned subsidiary corporation.

On the day the trial in this case was concluded and when the matter was *sub judice* (the court awaiting the briefs of the litigants) plaintiff applied to the United States District Court for the Southern District of New York for substantially the same relief he asks in this litigation.

This action necessitates an examination of the question as to whether this court has jurisdiction of the issues presented here. This question being of basic importance — common courtesy and proper advocacy dictate that it should have been presented directly to this court, particularly as the issues here had not been finally submitted. It is academic that no court should proceed in any matter unless and until it has jurisdiction. When the trial opened, it was of record that plaintiff (an attorney) and his counsel had served a complaint and an amended complaint and had been to the Appellate Division on an appeal from an order of this court (277 App. Div. 1035). At the trial they asked and obtained leave to serve and file a second amended complaint. The defendant, Martin, in his answer had asked substantially the same relief as the plaintiff. The plaintiff served his third complaint, Martin served another pleading in which he set up new matter. It follows that there can be no question so far as jurisdiction in personam is concerned, these two litigants having on more than one occasion sought relief from this court in the premises and the defendant having duly appeared. By conducting the trial, they accentuated their selection of the forum to which they had in the first instance appealed. As to jurisdiction in rem it appears that the corporate defendant was created by the laws of the State of New York. Consolidation with another corporation (likewise a New York corporation) is in contemplation. The internal management of such corporations, their rights and powers are set forth in the laws of this State as well as in their charters of incorporation issued under those laws. Accordingly, it is held that this court has jurisdiction both in personam and in rem of the parties and the issues here litigated. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Mullane* v. *Central Hanover Trust Co.*, 339 U. S. 306; *Matter of Matheson*, 265 N. Y. 81; *Matter of Buckman*, 270 App. Div. 707, affd. 296 N. Y. 915, certiorari denied *sub nom. Kay* v. *MacCormack*, 332 U. S. 763.)

Proceeding to the merits of the controversy as submitted at the trial: Hoe underwent a reorganization in the United States Court for this district in 1935. At that time preferred stock was issued to take care of the claims of creditors. Behind this stock there was Class A stock and common stock. As of Septem-

ber, 1946, the preferred stock had been paid and was retired. At that time the arrears of dividends on the Class A stock amounted to $83 per share. By means of a consolidation with a wholly owned subsidiary in 1947, the stock setup was changed so that thereafter there were three classes of stock, the present A, B stock, and the common. Largely by means of the issuance of the B stock the arrears on the A stock were discharged. At none of the times above mentioned did the common stockholders have the right to vote on the consolidation of Hoe with any other corporation.

Control of the company under that reorganization plan was first in the preferred stockholders and was exercised by cumulative voting for a fixed number of directors (eleven) six to be elected by the preferred stockholders and five by the Class A stockholders. Upon the retirement of the preferred stock and the 1947 consolidation, control passed to the A stockholders who then elected nine of the directors, while common stockholders elected two. Under this plan, when and if the dividends on the Class A stock were fully paid and the B stock retired, common stockholders would have the right to elect six of the eleven directors. As of 1950, a considerable quantity of the B stock amounting to approximately $3,900,000 is still outstanding.

By means of the consolidation now proposed (and which it is sought by this action to enjoin) the B stock is to be retired and only A and common stock will remain. Under this plan, the entire common stock of the consolidated corporations will be placed on an annual dividend basis and a sinking fund set up to retire the Class A stock with the provision that the right of the common to elect directors will increase in proportion to the redemption and retirement of the A stock. The ultimate goal contemplated is to be the creation of a single stock structure. During the period in which these purposes are to be carried out, the A stockholders will elect a majority of the directors.

The present action seeks to enjoin the consolidation on the grounds of fraud and deprivation of the rights of the present common stockholders. It is clear that the consolidation as proposed is not illegal. It is equally clear that by the terms of the certificate of incorporation and the plans in existence as of 1950, the present common stockholders have no right to vote on the proposed consolidation. A point is made that what is being accomplished through the guise of a consolidation is, in effect, a recapitalization and that under section 35 of the Stock Corporation Law, any provision in the certificate of

incorporation to the contrary notwithstanding, all the stockholders have the right to be heard.

On the submitted evidence, this court is unwilling to hold that the consolidation is a ruse by means of which the provisions of section 35 are being avoided. There has been no showing of fraud and while a serious effort has been made to show that the plan will not be beneficial to the corporation itself and will be harmful to the common stockholders, such a showing has not been made and no basis has been presented which would justify this court in exercising its visitorial powers.

It should always be borne in mind in these cases that the court, in the absence of a very plain showing of either fraud or improvidence, will not substitute its judgment for that of the directors or stockholders as to the economic wisdom of plans of this nature. (*Zobel* v. *American Locomotive Co.*, 182 Misc. 323; *Turner* v. *American Metal Co.*, 268 App. Div. 239.)

If any of the common stockholders are of the opinion that their interests will be damaged by the proposed consolidation they have an adequate remedy under section 21 of the Stock Corporation Law. In *Anderson* v. *International Minerals & Chemical Corp.* (295 N. Y. 343, 350–351) the court stated: " If, proceeding in accordance with the statute, the consolidation is duly consummated, there are but two alternative rights which survive to the holders of the old shares: to take the new shares upon the terms and conditions of consolidation or to take the value of the old shares determined in accordance with section 21." (See, also, *Beloff* v. *Consolidated Edison Co.*, 300 N. Y. 11.)

The complaint and cross complaint are accordingly dismissed, without costs.

This is intended to be the decision of the court and the parties are directed to settle judgment on notice.