William C. Hecht, Jr., J.
In this representative stockholders ’ action plaintiff, a holder of 750 of the outstanding 590,960 shares of defendant, Unitronics Corporation, applies for an injunction restraining the corporation, its officers, directors, agents and attorneys, from voting any shares of stock owned or controlled by them or any proxies obtained by them from stockholders, at the special meeting of stockholders called for September 11, 1957, or any adjournment thereof, in favor of the proposed merger of defendant with and into The Siegler Corporation or, in the alternative, in the event of approval of such merger by the stockholders of defendant, from taking any action designed to effectuate or consummate such merger.
The first part of the application need not be considered inasmuch as the court did not stay the meeting of stockholders which took place on September 11, 1957. At this meeting, of 590,963 outstanding shares of common stock of Unitronics, the holders of which were entitled to vote on such proposal, 482,093 shares, constituting 82% of such outstanding shares, were represented by proxy or in person at such meeting. The holders of 469,726 shares, representing 80% of the outstanding shares, voted by proxy or in person in favor of such proposal. The holders of 12,367 shares, representing 2% of the outstanding shares, voted by proxy or in person against such proposal.
*1034 The test to be applied to an application of this nature was succinctly stated by Peckham, J., in Gamble v. Queens County Water Co. (123 N. Y. 91, 99) : “ To warrant the interposition of the court in favor of the minority stockholders in a corporation or joint-stock association, as against the contemplated action of the majority, where such action is within the corporate powers, a case must be made out which plainly shows that such action is so far opposed to the true interests of the corporation itself as to lead to the clear inference that no one thus acting could have been influenced by any honest desire to secure such interests, but that he must have acted with an intent to subserve some outside purpose, regardless of the consequences to the company and in a manner inconsistent with its interests.”
Plaintiff has failed to meet this test by a wide margin. Motion denied.