Henry Epstein, J.
This is a stockholder’s action to enjoin the sale of assets of the corporate defendant and for an accounting. A motion for temporary injunction was denied. All the assets have been disposed of pursuant to sale as of March 15, 1959 and creditors of the corporation have been paid off. All stockholders except plaintiff approved the sale and they constituted more than the two thirds necessary for such disposition. When this action was begun in this jurisdiction the stock of plaintiff, for which he had paid $300, was worthless. The corporation had a substantial deficit. All defendants, including the corporation, on whose behalf plaintiff sues, are Massachusetts residents. Plaintiff is a resident of New York State and. this court is satisfied the corporation did business and had an office in New York City. The sale here sought to be attacked took place in Massachusetts. The prompt trial ordered by Justice Aurelio to prevent damage to the corporations involved and to determine the respective rights of the parties has now been had.
Defendants had offered to arbitrate their differences with plaintiff pursuant to Massachusetts law and offered to post a substantial bond to secure plaintiff if successful. Plaintiff refused. Under Massachusetts Business Corporations Law (ch. 156, § 46), plaintiff had the right to have his shares valued as of the date of the sale and section 42 authorizes the sale of assets on approval by the vote of two thirds of the stock held. This is an absolute right, as is that of plaintiff stockholder on such disposition of assets. Under Massachusetts law plaintiff had no other remedy. (Cole v. Wells, 224 Mass. 504, 513.) Plaintiff has sought instead to achieve in New York what in Massachusetts he had no right to seek. This he cannot do. (Willson v. Waltham Watch Co., 293 F. 811.) The charges of fraud and sharp dealing, which this court finds wholly without foundation, would still not create a right to move out of the Massachusetts courts and seek in New York what he was there not entitled to.
*789 Defendant Alan M. Limburg engaged in the wallpaper business through two corporations, Alanson Products Inc. and Wilton E. Owen Inc. Plaintiff William J. Galligan also operated in the same business through two corporations, W. J. Galligan & Sons Corp. and William J. Galligan Inc. Limburg had money and Galligan had talent as a paper designer. A joinder of interests was deemed to be a possible solution to continued losses of both sets of corporations. This took place in 1953. The hopes of Galligan and Limburg did not materialize. By December 31, 1956 the corporations owed Limburg over $90,000 and owed banks over $125,000, all of which Limburg had guaranteed and furnished collateral of a value of more than $200,000. Galligan, aside from his $300 paid for the 300 shares of GalliganOwen Corporation, never contributed a cent nor guaranteed any of the obligations. In 1957 a corporate reorganization was agreed upon by Galligan and Limburg. The present corporate defendant was organized. Plaintiff was its first president. Limburg financed its operations. The respective shares were held: by Limburg 560 shares, by Galligan 300 shares, by Donovan (a Massachusetts attorney) 50 shares, and by Cramer (a member of the Massachusetts Legislature) 90 shares. This corporation was to utilize the assets of the several corporations, collect receivables and sell the inventories of the old companies.
Business of the Galligan-Owen Corporation began in February, 1957. It suffered substantial operating losses and by the latter part of 1958 it became evident that further investment was necessary to prevent total failure. Obligations were falling due which could not be met. Galligan admitted on the stand that the corporations had no assets and that he had no means. Limburg offered to buy all the assets at a fair price in order to concentrate all operations and to endeavor to save both the stockholders and creditors. An independent accountant was retained to examine and report on the fair value of the assets. This report was rendered on January 15, 1959. Limburg offered the stockholders a price in excess of book value, making up losses and returning to stockholders their entire investment. Galligan had been drawing a salary in excess of $11,000 a year. He opposed the plans to redeem the corporation’s credit. Stockholders held meetings, canvassed the situation thoroughly, listened to plaintiff and to those who had studied the difficulties and all except plaintiff voted in favor of the proposed sale of assets and acceptance of Limburg’s offer. Thereupon, plaintiff was removed from office and entered into competition with the corporate defendant and its corporate allies. Simultaneously *790 plaintiff began four or five lawsuits in this State, of which the instant is the first to come to trial.
In this trial plaintiff’s attempt to prove a prima facie case through examination of defendant Limburg and others failed totally. His only witness to any of his charges was himself. Yet, analyzed carefully, he himself could offer no proof of his charges. Just as he had failed to persuade the stockholders in Adams, Massachusetts, so here he failed to offer any credible evidence to substantiate his case. A two-week period was given plaintiff at the stockholders’ meeting of January 17, 1959. He used this interim period to commence the instant and other actions in this State. He sought in vain to procure a •temporary injunction. He again appeared at the adjourned meeting of March 15, 1959 at which the stockholders approved the sale here sought to be enjoined. The proof is wholly satisfactory that the assets were sold at a fair price and defendant Limburg has made personal sacrifices of substantial nature to protect stockholders and creditors. Plaintiff has violated the restrictive covenant in his agreement with Limburg and cannot be heard to complain because defendant has continued the business, redeeming creditors and stockholders.
Plaintiff, a minority stockholder, seeks to bar the majority from consummating favorable action for stockholders. This he cannot do (Juviler v. Unitronics Corp., 8 Misc 2d 1033; Gamble v. Queens County Water Co., 123 N. Y. 91, 99). The personal interest of plaintiff cannot be separated from that of the stockholders among whom he is a minority. The stockholders have acted here and their action is binding on plaintiff. To him they owed no fiduciary duty and plaintiff has failed utterly to prove or to offer any evidence of believable character that the sale of the corporate assets was in any degree permeated or tainted with fraud. Plaintiff has not presented any evidence of credible nature to support his charges. By stipulation formal findings and conclusions were waived, The above constitutes the decision of the court. Complaint dismissed.
Judgment for defendants, with costs.