Abbaham J. Gellixoff, J.
Motion No. 126 of February 2, 1962, and No. 95. of February 6, 1962, are consolidated and disposed of as follows:
Plaintiffs, in both motions, seek a temporary injunction to enjoin a special meeting of stockholders of Maefadden Publications, Inc., now scheduled to be held on February 9, 1962, and to restrain all the defendants from voting, at such special meeting, any shares of stock owned or controlled by them and any proxies obtained by them. The meeting has been called for the purpose of acting upon a proposal to merge Maefadden Publications, Inc., into Bartell Broadcasting Corporation, Inc.
Plaintiffs in both actions together own approximately 10,500 shares of stock in Maefadden Publications, Inc., out of approximately 446,000 shares outstanding. Bartell Broadcasting Corpo *554 ration is controlled by the Bartell family, who own 80% of its stock, and that corporation, in turn, owns over 22% of the stock in Macfadden Publications, Inc. As as result, the Bartell interests control the board of directors in each corporation.
Plaintiffs claim that the proposed merger is detrimental to Macfadden Publications, Inc., and was proposed solely for the purpose of unfairly and unduly enriching the Bartell interests through the acquisition of the assets of Macfadden Publications, Inc., on terms which would leave the Bartell interests in control of the merged corporations and, at the same time, enable them and Bartell Broadcasting Corporation to avoid the liabilities and unprofitable operations of the latter. In more direct language, the plaintiffs claim that the merger would “ bail out ” the Bartell Broadcasting Corporation and relieve the Bartells of a financial “ lemon ” at the expense of the Macfadden stockholders.
Serious charges are made by plaintiffs which need not be repeated here. Chiefly, they consist of claims that the management proxy statement submitted to the stockholders contains misleading, false, fraudulent and erroneous statements; that the true financial status of the corporation has been concealed by writing down some assets, inflating others, reducing capital surplus, concealing the insolvency of Bartell Broadcasting Corporation, the true book value of the shares in each corporation and the personal benefits the Bartell family interests would acquire through the merger. All of these claims are asserted principally on the basis of plaintiffs’ interpretation of the data and statements contained in management’s proxy statements and from their analyses of the financial statements. Defendants vigorously deny that the proxy statement is misleading or fraudulent, claiming that there was a complete and full disclosure of all of the relevant facts. In addition, defendants contend that the financial structure and condition of both corporations have been fully and adequately disclosed. In any event, the defendants claim two thirds of the stockholders of both corporations have already signified approval of the proposed merger by their proxies. Plaintiffs counter that whether defendants have made a full disclosure or not is beside the point; that notwithstanding such hypothetical disclosure the merger, under the circumstances, is unconscionable, and that a substantial number of stockholders have given their proxies as a result of fraud, misrepresentation or duress on the part of defendants.
In view of the defendants’ denials of the charges and of their denial of the statements of fact contained in the moving papers and exhibits on which plaintiffs rely and the defendants’ expía *555 nations, the court is not persuaded of the merits of plaintiffs’ contentions or of the need for precipitate action.
In situations such as are revealed here, the courts are reluctant summarily to interfere in the internal affairs of corporations where matters of judgment and policy are involved unless there is a clear showing of fraud (Zobel v. American Locomotive Co., 182 Misc. 323, 328). The propriety of the accounting procedures adopted in compiling the financial data contained in the proxy statement is one on which accountants themselves may honestly differ, and is a matter of proof, especially as to the valuation of assets, classification and application of liabilities, loans, surpluses and charges.
While there may be room for a difference of opinion as to the proper method of presenting the merger plan to the stockholders, it does not follow that the proxy statement is, as a matter of fact, misleading or fraudulent. Indeed, having been prepared in full compliance with the comments of the Securities and Exchange Commission, the proxy statement, at least presumptively, complies with the full disclosure provisions of the Securities Exchange Act (see Malken v. General Transistor Corp., 27 Misc 2d 677; Werner v. Becker, 43 N. Y. S. 2d 294).
The mere fact that the merger plan was prepared by interlocking boards of directors who are controlled by the Bartell interests does not entitle plaintiffs to a temporary injunction (Everett v. Phillips, 288 N. Y. 227).
It would appear certain that the merger is definitely scheduled to be approved at the forthcoming meeting of the stockholders. To tie the stockholders’ hands, to prevent the consummation of their directions as contained in the proxies and summarily to halt the meeting, would cause greater damage to the defendant corporations than any harm that might result to the plaintiffs. If the merger will impair plaintiffs’ interests, they are empowered to dissent and to be awarded the true value of their shares as determined pursuant to the provisions of sections 21 and 87 of the Stock Corporation Law. And while the relief afforded a dissenting stockholder under the Stock Corporation Law is not exclusive, plaintiffs’ right to appraisal and payment for their stock dilutes the validity of their assertion that their damages are irreparable and that they lack an adequate remedy at law (Katz v. Hoe & Co., 199 Misc. 459, affd. 278 App. Div. 766). In short, balancing the equities and conveniences of the parties, there is more justice in not interfering with management and leaving plaintiffs to their statutory and legal remedies, than there is in favoring the will of a small minority and disrupting a *556 reorganization which, at least on its face, appears to be normal and plausible.
Some of the stock of Macfadden Publications, Inc., is held in escrow pending payment by Bartell Broadcasting Corporation of notes given by it to plaintiffs Manheimer, Dworkin and Scheff as the purchase price of the stock. This, however, does not prevent Bartell Broadcasting Corporation, the pledgor, from voting that stock in favor of the merger. The escrow agreement expressly permits the pledgor to vote the stock. Payment on these notes is not yet due. Apart from the fact that these noteholders have an adequate remedy at law and their hypothetical damages are not irreparable, their ground for intervention as noteholders is not realistic. There has not been sufficiently established a cansal relation between consummation of the merger and a possible impairment of the security for their notes. The notes are indorsed by four of the Bartells, there has been no default as yet, and over $800,000 has already been paid. The causal relation between an alleged ill-advised merger herein and possible damage to the plaintiff noteholders is, on the present state of the record, purely conjectural.'
Accordingly, the motions for temporary injunctions are denied (Juviler v. Unitronics Corp., 8 Misc 2d 1033; see, also, Katz v. Hoe, 99 N. Y. S. 2d 899, mod. 277 App. Div. 966).
The defendant Macfadden Publications, Inc., cross-moves to compel plaintiff in the - Williams’ action to post security for expenses.
The complaint contains a derivative cause of action and defendant Macfadden Publications, Inc., is entitled to security for the reasonable expenses, including attorneys’ fees, which may be incurred by it in connection with the action (General Corporation Law, § 61-b).
The cross motion is granted to the extent of requiring plaintiff to furnish security in the sum of $25,000, and staying further proceedings by plaintiff pending the filing of such security. However, plaintiff is afforded 60 days from the date of service of a copy of the order to be entered herein to obtain a joinder of additional parties to this action. If such joinder is accomplished and as a result plaintiff represents owners of stock of the market value in excess of $50,000 or owners of at least 5% of the outstanding shares, the furnishing of the security hereinabove required shall be dispensed with.
In view of the fact that plaintiffs obtained an inspection of the stockholders’ list as recently as January 19, 1962, and the necessity for further inspection is not shown, the motion to permit inspection of the stock books and stockholders’ lists is *557 denied. The case will be set down for an early trial upon the payment of Clerk’s fees and a filing of a note of issue waiving all pretrial procedure. If no answer is served prior to the filing of the note of issue, all issues will be deemed controverted and plaintiffs’ allegations denied, as indicated in the affidavits.