JAMES D. WILLIAMS, Individually and as a Stockholder of Macfadden Publications, Inc., and as a Representative of All Other Stockholders Similarly Situated, Appellant, *v.* GERALD A. BARTELL et al., Respondents, et al., Defendants.

HENRY LIEFERANT et al., Individually and for the Benefit of All Other Stockholders Similarly Situated of Macfadden Publications, Inc., Appellants, *v.* GERALD A. BARTELL et al., Respondents.

First Department, March 1, 1962.

22

*Walter H. Liebman* of counsel (*Lester C. Migdal, Herbert Robinson, Warren S. Tenney* and *Julian S. Perlman* with him on the brief; *Liebman, Eulau & Robinson*; *Migdal, Low & Tenney*, attorneys), for James D. Williams, appellant.

*Samuel Gottlieb* of counsel (*Louis A. Tepper, Milton Levitan* and *Harry Giesow* with him on the brief; *Gainsburg, Gottlieb, Levitan & Cole*, attorneys), for Henry Lieferant and others, appellants.

*Norman Moloshok* of counsel (*Harold I. Kahen, Robert W. Berend* and *Roger W. Wilkins* with him on the brief; *Delson, Levin & Gordon*, attorneys), for Macfadden Publications, Inc., respondent.

*Bernard Buchwald* of counsel (*Bernard Nadel* with him on the brief; *Buchwald, Nadel & Lippman*, attorneys), for Frederick A. Klein, respondent.

*Joseph E. McMahon* for Gerald A. Bartell and another, respondents.

McNALLY, J. The appeals are consolidated and disposed of as follows:

The orders dated February 9, 1962 and February 13, 1962 are modified, on the law and on the facts, without costs, and the

motions for injunctions *pendente lite* granted to the extent of restraining defendants-respondents Macfadden Publications, Inc. (hereinafter referred to as Macfadden), a New York corporation, and Bartell Broadcasting Corporation (hereinafter referred to as Broadcasting), a Delaware corporation, from using the assets or credits of Macfadden in behalf of Broadcasting or Macfadden-Bartell Corporation, a Delaware corporation, pending the trial of these actions and for at least five days after the entry of final judgment therein provided that within 10 days of the entry of this order in each action the plaintiffs serve and file a joint surety company bond in the principal sum of $75,000 to indemnify the respondents from damages resulting from said injunctions, and, as so modified, affirmed.

In these actions plaintiffs seek to enjoin the merger and consolidation of the defendants-respondents Macfadden and Broadcasting. Plaintiffs own approximately 10,500 shares of Macfadden. Defendants Bartell own in excess of 80% of the outstanding shares of stock of Broadcasting. Broadcasting owns 22.4% of the outstanding Macfadden stock. Defendants Gerald A. Bartell and Lee B. Bartell are members of and control the board of directors of both corporations.

The agreement of merger and consolidation dated January 11, 1962 provides that the surviving corporation, which has since materialized in the form of Macfadden-Bartell Corporation, shall issue two shares of capital stock for each outstanding share of capital stock of Macfadden and one share of capital stock for each outstanding share of capital stock of Broadcasting.

Plaintiffs allege that the merger will defraud the stockholders of Macfadden and unjustly enrich the defendants Bartell and Broadcasting. Defendants caused to be prepared and disseminated among the stockholders of the constituent corporations a proxy statement for a special meeting of stockholders to be held February 9, 1962. The meeting was had and the consolidation and merger approved. On the same day pending the appeals herein, on consent and by stipulation of the parties, the respondents were restrained by this court from commingling the funds and assets of the respective corporations.

Plaintiffs allege the proxy statement prepared and disseminated among the stockholders by the defendants understates materially the assets of Macfadden and the liabilities of Broadcasting; overstates the assets of Broadcasting; and omits to set forth material facts with regard to the liabilities of Broadcasting. Plaintiffs also allege defendants caused Macfadden to purchase 55,000 shares of its stock at $12 per share in order to eliminate the voting of these shares in opposition to the merger;

**24**

that the proxy statement did not adequately apprise the stockholders of Macfadden that the issue by Broadcasting to the defendants Bartell of 250,000 shares of stock on December 5, 1961 served to insure them of majority control of the surviving corporation. Additionally, plaintiffs allege Broadcasting is without working capital and it is the purpose of the defendants to make available to the surviving corporation the working capital of Macfadden to pay the current debts of Broadcasting.

The presence of common directorates in respect of the constitutent corporations in the light of the adverse and conflicting interests requires the most careful scrutiny of the transactions here involved. (*Chelrob, Inc.* v. *Barrett,* 293 N. Y. 442, 461; *Pink* v. *Title Guar. & Trust Co.,* 274 N. Y. 167, 174; *Globe Woolen Co.* v. *Utica Gas & Elec. Co.,* 224 N. Y. 483, 490; *Continental Ins. Co.* v. *New York & Harlem R. R. Co.,* 187 N. Y. 225, 238–239; *Farmers' Loan & Trust Co.* v. *New York & Northern Ry. Co.,* 150 N. Y. 410; *Sage* v. *Culver,* 147 N. Y. 241, 246–247; *Turner* v. *American Metal Co.,* 268 App. Div. 239, 261; *Marian* v. *Mariani,* 276 App. Div. 205, 208.)

We do not at this time pass or express any opinion on the merits of the contentions of the plaintiffs. However, enough appears to warrant the scrutiny consequent on a trial on the merits. We are not unaware of the relevancy of the approval of the stockholders at the meeting held February 9, 1962. Nevertheless, whether the approval of the stockholders was with knowledge of the relevant facts is to be determined upon the trial (*Brooklyn Heights R. R. Co.* v. *Brooklyn City R. R. Co.,* 151 App. Div. 465, 477); as is the effect of the provision of the certificate of incorporation of Macfadden authorizing directors to act when pecuniarily interested providing the interest is disclosed (*Everett* v. *Phillips,* 288 N. Y. 227, 237).

On this appeal counsel for defendants-respondents stated that the surviving corporation, Macfadden-Bartell Corporation, will appear in these actions. Plaintiffs have expressed their desire and readiness for an immediate trial. In the circumstances the trial of these actions should proceed expeditiously.

Settle order making provision for the joining of Macfadden-Bartell Corporation as a defendant and with provision for an immediate trial if the defendants so stipulate.

BERGAN, J. (dissenting). The main ground upon which plaintiffs in these derivative actions on behalf of Macfadden stockholders and by creditors seek judicial intervention in equity to restrain the execution and implementation of the plan of merger between the Macfadden and the Bartell corporations is

that the proxy statement is so false in essential respects as to mislead owners of stock on the effective positions of the two corporations as they approached the merger.

When the proxy statement is examined closely it is seen that it discloses accurately the information relating to the two corporations which would be essentially relevant to Macfadden stockholders in deciding, according to their own best interests, whether to vote for or against merger with Bartell.

The statement, as is almost always the situation with proxy statements, is a long and complicated affair, involving many tables, analyses and notes of explanation; but the decisive elements in such a merger are not simple, however much an attempt at clarity and accuracy is made; and we suppose that the special audience to which the statement was addressed knew how to read it understandingly, or, since its own interests were involved, would get help from knowledgeable accountants or stockbrokers.

The charge of falsity in the proxy statement falls into three main areas; and in each of these areas the statement shows itself sufficiently accurate when read with minimal comprehension of corporate and accounting procedures.

One charge of falsity is that the value of the good will of Macfadden is shown written down from $4,954,000 to $1,704,000. Macfadden's own financial statements carried good will at $4,405,000 (Dec. 31, 1960) and at $4,954,000 (Sept. 30, 1961). As of the former date the good will exceeds its entire net worth ($4,399,244) and at the latter date it was close to it ($5,330,861).

The proof by defendants in opposition to this motion shows that the writing down of good will was at least in accordance with the most conservative accounting practice with respect to the evaluation of intangible assets. Had it been left untouched the representations of the corporate equity might well have been characterized as excessive; moreover, as a result of a conference of Macfadden's attorneys and the SEC staff, following a letter from the SEC questioning the item, a compromise figure was reached whereby good will would be valued at $1,700,000.

The decision of the Macfadden management to reduce the value of this intangible asset is set forth in the proxy statement. The reason is stated; i.e., that the larger amount does "not purport to reflect actual present value of these intangibles."

One might argue one way or the other about this; it might have been advisable, or not, to make this large deduction; but the proxy statement is not shown to be false or misleading in this respect, nor has bad faith of the defendants in reducing the

value of good will been demonstrated even for purposes of a motion such as this, upon the proof before us.

Another main imputation of falsity in the statement is the adverse reflection on Macfadden's financial position caused by a retroactive adjustment in the method of deferring expense of subscription procurement. A different method of charging than that followed by the former management was suggested by Macfadden's new accountants and put into effect. It is said by defendants to be better accounting practice than the former method, and in accordance with advice of the American Institute of Public Accountants; but whether it is better or not, the change was sufficiently explained in the proxy statement to admit of an advised judgment by a stockholder in deciding if he wanted to vote or not for the merger.

Bartell Broadcasting is involved in litigation over the sale of two radio stations (WYDE and WARE) in actions brought by the purchasers. The pendency of this litigation is shown in the proxy statement with the note, the accuracy of which is not challenged, that " Counsel for the Corporation is of the opinion that the defendants have a meritorious defense to the action." That this was not sufficiently revealed in the proxy statement is given by plaintiffs as one of the grounds for a temporary injunction.

There is a disclosure, on the very first page, in the proxy statement of the personal holdings of the Bartells in both corporations; and of the number of shares and the percentage of outstanding stock which will be held by them in the merged corporation. Although interlocking directors owe a special duty of fairness to the stockholders of their respective corporations which the court will enforce in a proper case, it is not shown in this record that there exists any such unfairness or breach of duty on the part of the directors as to warrant judicial interference.

Nor does there seem any certainty in the plaintiffs' argument that the merger is bad business for Macfadden stockholders. The merged corporation's stock will be distributed in the ratio of two shares for each Macfadden share and one share for each Broadcasting share. The proxy statement tables show that the stock market, normally a good index of value, placed the companies approximately in this relative standing during the last two years.

This court has recently restated the basic requirements in actions such as these (*Dal-Tran Serv. Co.* v. *Fifth Ave. Coach Lines,* 14 A D 2d 349). The power to vitiate and set aside an election is exercised for " fraudulent concealment in proxy

solicitation ". The court noted not "every misrepresentation is material nor every concealment fraudulent" (p. 353). The occupation of a dual position by directors in the two corporations does not alone warrant judicial interference in this case (*Everett* v. *Phillips,* 288 N. Y. 227, 236, 237; *Gamble* v. *Queens County Water Co.,* 123 N. Y. 91).

Thus we have before us a case where it is doubtful if, after a plenary trial, any judicial interference in equity would be warranted. Essentially the controversy is based on an evaluation of the economic benefits to be derived from the merger. We have no doubt these stockholders are aware of their own best interests and look out for them. As PECKHAM, J., noted in *Gamble* (p. 99): "This is no business for any court to follow." In person, or by proxy, 85% of the outstanding stock of Macfadden was voted at the meeting; and of this number 90% voted in favor of the merger.

But if more could be said for the merits of the two actions than we think has been said, a good ground for intervention by the provisional remedy of the temporary injunction has not been shown.

Such a "drastic remedy" (*Park Terrace Caterers* v. *McDonough,* 9 A D 2d 113) requires a demonstration of "clear right" to the ultimate relief, an expression which appears, too, in *Barricini, Inc.* v. *Barricini Shoes, Inc.* (1 A D 2d 905) and in many other authorities and, of course, is a prerequisite well understood by the Bar. We are of opinion there is no such "clear right" to the ultimate relief shown on the papers before us.

The danger of precipitate judicial intervention in the normal process of corporate mergers is pointed up by this record. It is not too difficult, sometimes, to spell out and add up errors of conclusion or of fact in proposals for merger; and minorities and creditors would find a disruptive weapon at hand to unsettle a common business development if, from debatable inferences, they could at once interfere with this process by enjoining it before there is opportunity to litigate fully its merits.

The order at Special Term should be affirmed.

EAGER and STEUER, JJ., concur with McNALLY, J.; BERGAN, J., dissents in opinion in which BREITEL, J. P., concurs.

The orders dated February 9, 1962 and February 13, 1962 are modified, on the law and on the facts, without costs, and the motions for injunctions *pendente lite* granted to the extent of restraining defendants-respondents Macfadden Publications, Inc. (hereinafter referred to as Macfadden), a New York cor-

poration, and Bartell Broadcasting Corporation (hereinafter referred to as Broadcasting), a Delaware corporation, from using the assets or credits of Macfadden in behalf of Broadcasting or Macfadden-Bartell Corporation, a Delaware corporation, pending the trial of these actions and for at least five days after the entry of final judgment therein provided that within 10 days of the entry of the order in each action the plaintiffs serve and file a joint surety company bond in the principal sum of $75,000 to indemnify the respondents from damages resulting from said injunctions, and, as so modified, affirmed. Settle order on notice making provision for the joining of Macfadden-Bartell Corporation as a defendant and with provision for an immediate trial if the defendants so stipulate.