William C. Hecht, Jr., J.
Stockholders of Macfadden Publications Inc. (“Macfadden”) sued to enjoin its merger with Bartell Broadcasting Corporation (“ Broadcasting ”). Special Term denied motions for injunctions pendente lite (Williams v. Bartell, 34 Misc 2d 552), and the merger was therefore consummated under Delaware law, the merged corporation taking the name Macfadden-Bartell. The Appellate Division, by a vote of three to two, granted the motions to the extent of restraining both of the predecessor corporations from using the assets or credits of “ Macfadden” in behalf of “Broadcasting” or Macfadden-Bartell (16 A D 2d 21).
When the matter came on for trial, general counsel for plaintiff stockholders negotiated a settlement, the terms of which provide for the surrender to Macfadden-Bartell of 175,000 shares of its stock held by the ‘'controlling stockholders of1 ‘ Broadcasting ’ ’. This was objected to by intervening stockholders. Upon consent of all parties, this court appointed a Referee, agreed upon by them, to hear and report on the fairness and adequacy of the proposed settlement. The Referee held five hearings, took 648 pages of testimony, and received 64 exhibits in evidence. He has submitted a comprehensive report analyzing all of the pertinent issues.
The Referee recognized that this is not a conventional derivative action brought for the benefit of Macfadden-Bartell, which is to receive the stock to be surrendered under the settlement, but is an action brought primarily to enjoin the merger because of its alleged unfairness to the stockholders of “ Macfadden”. Therefore the settlement must be judged by its adequacy as compensation to them for surrendering the chance to prevent the merger.
The Referee was careful to point out that a determination on the merits should not be made at this time in order not to prejudice the trial: ‘ ‘ All that should be undertaken here is a sufficient appraisal of the plaintiffs’ chances of success at trial *479 and of the value of the settlement proposed to determine whether there is a reasonable correlation
After a painstaking review of all the evidence, the Referee concluded that plaintiffs have a substantial chance of undoing the merger because the proxy statement which solicited the consent of “ Macfadden ” stockholders did not fairly present all the pertinent facts. He advised the court that the settlement as proposed is not adequate and that it would be better for the case to be tried and lost by the plaintiffs than to have the settlement accepted.
My reading of the testimony taken before the Referee finds me in complete agreement with his determination. It is unnecessary to discuss his findings in detail.
The Referee laid great stress upon the fact that the accountant who was described as ‘1 independent ’ ’ in the proxy statement was not so in fact. Objectants seek to avoid this issue by contending that the Securities and Exchange Commission Rules do not require an independent accountant. Whether this be so or not, a representation to stockholders that the accountant is independent when the fact is otherwise, is a material misrepresentation.
One legal point raised by objectants deserves mention. They argue that the merger, having already been consummated, cannot now be unscrambled. The cases cited by objectants all involve actions to set aside which were instituted after the merger had been effectuated. They have no application where the stockholders sought an injunction pendente lite prior to the merger and the Appellate Division granted the injunction to the extent indicated above.
It has long been established that where a defendant with notice in an injunction proceeding completes the acts sought to be enjoined the court may by mandatory injunction restore the status quo (Porter v. Lee, 328 U. S. 246, 251; Jones v. Securities Comm., 298 U. S. 1, 15-17; Ramsburg v. American Investment Co. of Ill, 231 F. 2d 333, 336-338 [C. C. A. 7th]; Subin v. Goldsmith, 224 F. 2d 753, 761-762 [C. C. A. 2d]).
This situation is not affected by the fact that the parties stipulated before me to lift the injunction. The jurisdiction of the court to undo the merger attached as soon as the injunction was sought regardless of whether or not it was granted (Rams-burg, supra). Of course, it will be for the trial court to decide whether rights of intervening stockholders or creditors might make it inequitable to set aside the merger, but its power to do so is clear.
*480 The motion to confirm the Referee’s report is granted, and the cross motion to approve the settlement is denied. Settle order providing for an early trial and the fixation of the fee of the Referee.