Joseph LERMAN and Rose Lerman, as joint tenants, Plaintiffs-Appellants,

v.

Jerry M. TENNEY, Tenney Corporation, Tenney Realty Corporation of New York, Tenney Securities Corporation, Defendants,

Philip Levine, Richard Witrofsky, Alexander M. Feld, Hilda Janis and 40 Exchange Realty Company, Defendants-Appellees.

No. 736, Docket 34590.

United States Court of Appeals, Second Circuit.

Argued April 9, 1970.

Decided April 16, 1970.

See also D.C., 295 F.Supp. 780.

Ira Jay Sands, New York City (James Geller, New York City, of counsel), for plaintiffs-appellants.

Elson & Halperin, New York City (Martin Elson, and Harold A. Halperin, New York City, of counsel), for defendants-appellees, Levine, Witrofsky, Feld and 40 Exchange Realty Co.

Before WATERMAN and ANDERSON, Circuit Judges, and WEINFELD,* District Judge.

PER CURIAM.

Plaintiffs, limited partners in a real estate syndication which had over 400 other participants, commenced this action against various defendants, including the limited partnership and three general partners. The complaint contained three separate counts. The first alleged a class action on behalf of plaintiffs and other purchasers of limited partnership interests and charged violations of the Securities Act of 1933, section 17(a),[1] the Securities Exchange Act of 1934, section 10(b),[2] and SEC Rule 10b-5.[3] The second, also a class action brought on behalf of the same claimants, was based upon the allegations contained in count 1, but additionally alleged violations of the New York General Business Law, sections 352-c and 352-e (the state anti-fraud and real estate syndication provisions). The third count was a common law derivative action brought on behalf of the limited partnership, charging the defendants with various breaches of fiduciary duty.[4]

The partnership and the general partners moved, with respect to the derivative claim, for an order requiring plaintiffs to post security for expenses pursuant to the New York Partnership Law, section 115-b. Judge Edelstein, at the conclusion of the argument of the motion, directed that plaintiffs furnish $5,000 security. In their proposed settlement of an order, plaintiffs, although they had made no cross-motion under the Rules, sought inspection of the partnership records in order to obtain the names of other participants, hoping thereby to secure sufficient intervenors to obviate the

---

* Of the Southern District of New York, sitting by designation.

1. 15 U.S.C. § 77q(a) (1964).

2. 15 U.S.C. § 78(j)(b) (1964).

3. 17 C.F.R. § 240.10b-5 (1969).

4. See N.Y.Partnership Law § 115-a (McKinney Supp.1969); Riviera Congress Assoc. v. Yassky, 18 N.Y.2d 540, 277 N.Y.S.2d 386, 223 N.E.2d 876 (1966).

posting of security.[5] Prior to the entry of any order, the defendants represented they had made available to plaintiffs a list of the limited partners, which plaintiffs now assert is not complete. Judge Edelstein signed defendants' proposed order on December 10, 1969, which provided that unless the security were filed within ten days, judgment was to be entered dismissing the action as to the partnership and the three general partners. Plaintiffs having failed within the required time to post the security, judgment was entered dismissing the action.

 The first and second counts were clearly nonderivative and hence were not subject to the security requirements of section 115–b and should not have been dismissed for failure to provide security.[6] Since these two claims are to be litigated in any event, it appears desirable to extend the time of the plaintiffs to post security or to obtain support of intervenors with respect to the derivative claim and to provide plaintiffs for that purpose with a complete list of the limited partners. Accordingly, the order appealed from is modified to require the defendants to make available, within ten days from the date hereof, if they have not already done so, a complete list of all limited partners from the date of inception of the partnership to its termination;[7] further, the plaintiffs' time to post security for costs or to complete the joinder in the action of ad-

ditional partners is extended for 60 days from the date of the furnishing of the list.[8]

The order entered below is modified as indicated herein.

---

5. N.Y.Partnership Law § 115–b (McKinney Supp.1969) permits the partnership to require that security for expenses be furnished "unless the contributions of or allocable to plaintiff or plaintiffs to partnership property amount to five percent or more of the contributions of all limited partners, in their status as limited partners, or such contributions of or allocable to such plaintiff or plaintiffs have a fair value in excess of fifty thousand dollars * * *."

6. *See* Phelps v. Burnham, 327 F.2d 812 (2d Cir. 1964) ; Fielding v. Allen, 181 F.2d 163 (2d Cir.), cert. denied sub nom. Ogden Corp. v. Fielding, 340 U.S. 817, 71 S.Ct. 46, 95 L.Ed. 600 (1950) ; Leibert v. Clapp, 13 N.Y.2d 313, 317–18, 247 N.Y.S.

2d 102, 106, 196 N.E.2d 540 (1963). Whether the trial court may, in its discretion, require the posting of security for the first two counts under either § 11(e) of the Securities Act, 15 U.S.C. § 77k(e) (1964), or S.D.N.Y. Civil R. 2 need not be decided here. The motion as presented to Judge Edelstein was solely under § 115–b.

7. *See* Stern v. South Chester Tube Co., 390 U.S. 606, 88 S.Ct. 1332, 20 L.Ed.2d 177 (1968).

8. *See, e. g.,* Selman v. Colborn, 143 F.Supp. 112 (S.D.N.Y.1956) ; Williams v. Bartell, 34 Misc.2d 552, 226 N.Y.S.2d 187 (Spec. T.), modified on other grounds, 16 A.D.2d 21, 225 N.Y.S.2d 351 (1962) ; *cf.* Fuller v. American Machine & Foundry Co., 97 F.Supp. 742 (S.D.N.Y.1951).