STERN *v.* SOUTH CHESTER TUBE CO.

No. 486.   Argued March 25, 1968.—Decided April 22, 1968.

*David Freeman* argued the cause for petitioner.   With him on the brief was *Richard H. Wels.*

*Richard P. Brown, Jr.,* argued the cause for respondent. With him on the brief was *Ralph Earle II.*

MR. JUSTICE BLACK delivered the opinion of the Court.

Petitioner, a resident of New York, who owned stock worth $10,000 or more in the respondent South Chester Tube Company, a corporation, brought this action in the United States District Court for the Eastern District of Pennsylvania, where respondent was incorporated and maintained its business headquarters.   Alleging that the corporation had many times denied petitioner's requests to inspect its books and records as authorized by Pa. Stat. Ann., Tit. 15, § 2852–308B (1958),[1] the complaint re-

---

[1] "Every shareholder shall have a right to examine, in person or by agent or attorney, at any reasonable time or times, for any

quested the court to enter an order directing the corporation to permit such an inspection. Jurisdiction was invoked under 28 U. S. C. § 1332 (a), which vests jurisdiction in the district courts where the matter in controversy exceeds the sum of $10,000 and where the parties are citizens of different States. The respondent answered, admitting parts of the allegations of the complaint and denying others. Respondent also moved to dismiss the action for lack of jurisdiction of the subject matter on the two following grounds:

"1. The only relief sought in this diversity action is an order to compel the defendant company to allow the plaintiff, a minority shareholder, to inspect certain corporate records. Such an order is in the nature of a writ of mandamus. Under the All Writs Act, this United States District Court does not have jurisdiction to issue an order in the nature of a writ of mandamus in a case in which that writ is the only relief sought.

"2. . . . That right of inspection is not subject to any monetary valuation. Since diversity jurisdiction depends upon the existence of an amount in controversy which is capable of such monetary valuation [in excess of $10,000], no jurisdiction exists in this Court."

The District Court dismissed on the first ground of the motion, 252 F. Supp. 329 (D. C. E. D. Pa. 1966), and the Court of Appeals affirmed on the same ground, 378 F. 2d 205 (C. A. 3d Cir. 1967). For reasons to be stated we hold that these rulings on the mandamus point were erroneous and reverse the judgment below.

---

reasonable purpose, the share register, books or records of account, and records of the proceedings of the shareholders and directors, and make extracts therefrom."

608

The courts below viewed petitioner's complaint as in effect a plea for a writ of mandamus and relied on a long line of cases which have interpreted the All Writs Act [2] to deny power to issue this writ when it is the only relief sought. A writ of mandamus, so these cases hold, can issue only in aid of jurisdiction acquired to grant some other form of relief. See *M'Intire* v. *Wood*, 7 Cranch 504 (1813); *Rosenbaum* v. *Bauer*, 120 U. S. 450 (1887); *Covington Bridge Co.* v. *Hager*, 203 U. S. 109 (1906). We think, however, that the courts below erred in concluding that the relief sought here is "mandamus" within the meaning of these cases. Practically all the cases relied on by respondent and the courts below involved mandamus in its original sense—a suit against a public officer to compel performance of some "ministerial" duty. Although the word "mandamus" is also frequently used to describe orders that compel affirmative action by private parties, the considerations that come into play here certainly differ from the problems involved when the courts seek to compel action by public officials.

So far as we are aware, there is only one case in which this Court has held a federal district court without jurisdiction to issue a writ of mandamus against a private party. In *Knapp* v. *Lake Shore R. Co.*, 197 U. S. 536 (1905), the Interstate Commerce Commission had filed a "petition for mandamus" in the federal court, seeking to compel a railroad company to file certain reports as required by § 20 of the Interstate Commerce Act. The Court applied the principle of the earlier cases involving public officers and held that mandamus would not lie against the railroad company defendant. But the Court was careful to note that relief against the railroad might

[2] 1 Stat. 81 (1789), as amended, 28 U. S. C. § 1651 (a):

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

be available in the form of a "writ of injunction or other proper process, mandatory or otherwise." *Id.*, at 543. The distinction drawn by the Court in *Knapp* between mandamus and a mandatory injunction seems formalistic in the present day and age, but it must be remembered that *Knapp* was decided before the simplification of the rules of pleading and, more importantly, before the merger of law and equity. Since a writ of mandamus could be issued only in an action at law, while an injunction, whether mandatory or prohibitive, was an equitable remedy, the distinction referred to in *Knapp* was a familiar one in the judicial system of the time.

We need not now decide whether *Knapp* properly extended the mandamus bar to suits for relief against private parties or even whether the distinction between mandamus and mandatory injunctions can survive the merger of law and equity and the simplification of the rules of pleading. In the present case petitioner did not even fall into the trap of using the possibly fatal label, "mandamus"; instead he simply asked the court "to order the defendant to permit plaintiff to examine [its records]." Thus, even under the broadest possible reading of the *Knapp* decision, the All Writs Act would not deny a federal court power to issue the relief sought here.

We find no other principle of federal law, whether judge-made, statutory, or constitutional, which bars the granting of a mandatory remedy here. Petitioner undoubtedly has a right, under the substantive law of the State, to inspect the records of the corporation in which he holds stock, and since he has no adequate remedy at law, the federal court has jurisdiction to grant relief under its traditional equity power. We need not decide whether this is a case where such a federal remedy can be provided even in the absence of a similar state remedy, *Skelly Oil Co. v. Phillips Co.*, 339 U. S. 667, 674 (1950);

cf. *Guffey* v. *Smith,* 237 U. S. 101 (1915), because it is clear that state law here also provides for enforcement of the shareholder's right by a compulsory judicial order. See Pa. Stat. Ann., Tit. 12, § 1911 (1967). While the State labels the right of action "mandamus," what the Pennsylvania statute actually does is to authorize an action to compel Pennsylvania corporations to permit inspection of their records by their shareholders, and the label used under state practice of course has no bearing on the question whether the federal courts have power to grant the kind of relief actually sought. Consequently the District Court here does have power to issue the proper orders to enforce petitioner's state-granted right to inspect the corporate records.

The judgment of the Court of Appeals is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.

*It is so ordered.*