ERVIN, Justice
(dissenting):
Norman Robbin petitions us for a writ of certiorari or, in the alternative, a writ of prohibition to review an ex parte order of the Circuit Judges of the 18th Judicial Circuit (Brevard and Seminole counties), entered without notice to Mr. Robbin, refusing to honor the Governor’s appointment of Mr. Robbin as official court reporter for said Circuit and, instead, appointing one Mr. Gray Brewer as the official court reporter of said Circuit. The appointment by the Governor appears to have been made pursuant to F.S. Section 29.01, F.S.A., for a term beginning October 3, 1967 to continue during the pleasure of the Governor as the statute provides. Said section provides the reporter shall “be appointed by the Governor upon recommendation of the judge or judges of the circuit.” It appears from the ex parte order the Circuit Judges of the Circuit had recommended that Mr. Brewer be appointed by the Governor.
The Circuit Judges in their order maintain that .the Governor can only appoint a reporter strictly in accordance with Section 29.01 and since they made no recommendation of Robbin, the Governor had no power to appoint him. The order reads in part as follows:
“At all times an expression has been made by all of the Circuit Judges of the Eighteenth Judicial Circuit to the Governor’s Office that we desired the appointment of Gray Brewer as the Official Court Reporter, both because of his longevity in service and his competency as required by law. On October 2, no notification of appointment having been received and the Judges of the Circuit feeling that it was necessary that the work of the Courts continue without interruption, Gray Brewer was appointed Official Court Reporter by all of the Circuit Judges of the Eighteenth Judicial Circuit, said Order being filed in Bre-vard County at 4:02 p.m., October 2, 1967, and in Seminole County at 7:34 p. *564 m., October 2, 1967. A copy of said Order is attached hereto and made a part hereof by reference.”
******
“It is hereby Ordered, based on the foregoing authorities, that the appointment of one Norman Robbin, by his Excellency Claude Kirk, as Official Court Reporter for the Eighteenth Judicial Circuit, is invalid, null, void, and of no effect in that no recommendation for such appointment had been made by the Judges of the Circuit as required by Florida Statute 29.01 [F.S.A.].”
******
“In construing Section 29.01, Florida Statutes [F.S.A.], prohibiting the Governor to make the appointment of the Court Reporter without the approval of the Judges, we are mindful of the Rule of Statutory Construction that an interpretation will be adopted which will avoid objectionable consequences. In an effort to render this statute constitutional, we hold that the Governor may appoint the Official Court Reporter so long as, but only so long as the appointment is of a person recommended by the Judges of the Circuit, and we declare the last sentence of the statute, ‘Such reporter when appointed shall hold office during the pleasure of the Governor,’ unconstitutional as in derogation of the constitutional guarantee of separation of powers between the co-ordinate branches of government.”
Petitioner proceeds under Rule 4.5 of the Florida Appellate Rules, 32 F.S.A. He contends the ex parte order is not appeala-ble because there are no parties entitled to an appeal. In other words, the order was not made in a litigated cause where parties litigant were present below. Inasmuch, however, as the order had the result of voiding Mr. Robbin’s appointment as the said court reporter and the Governor’s commission for such purpose and naming Mr. Brewer as court reporter instead, Petitioner Robbin contends in these proceedings he is entitled to have the ex parte order reviewed by us. Others beside Mr. Robbin apparently agree that the order is reviewable here, for we have briefs on the merits of the order on behalf of the Respondent Judges, Mr. Brewer, an intervening respondent; the Brevard County Bar Association, and the Seminole County Bar Association. The brief of Petitioner contends the ex parte order is invalid; the other briefs contend the order is valid. None of the briefs contend we lack jurisdiction to review the order. For example, Mr. Brewer’s brief contains this statement in its concluding paragraphs: “This Court has the authority and duty to review the order appealed in this case.” The amicus briefs of the two County Bar Associations similarly urge us to review the brder.
I agree, and dissent from the order of the Court majority sua sponte dismissing the petition.
It appears to me the Petitioner has sufficient standing and interest to seek review of the order. He is precluded by the order from serving as official court reporter of the Circuit, notwithstanding he has a commission from the Governor appointing him to the position. Such preclusion is just as effective as if the order had been entered in a litigated case in which Petitioner was the losing party. Under the circumstances here, I think Petitioner is entitled to a writ of certiorari for the reasons hereinafter set forth.
The order holds a portion of Section 29.-01 unconstitutional and it is our paramount authority and duty to review decisions of trial courts passing upon the validity of state statutes. Section 4(2), Article V, State Constitution, F.S.A. Formerly, such a review would be restricted to an appeal from a final judgment or decree or an interlocutory decree in chancery, but we are now committed to the “all writs necessary” review principle and may in our discretion issue such writs as may be necessary to permit us to directly exercise our constitutional jurisdiction to review decisions of *565 trial courts passing upon the validity of state statutes, or otherwise adjudicate issues which fall within our review jurisdiction, but for which an appeal is not directly available. See Couse v. Canal Authority (Fla.), 209 So.2d 865, opinion filed May 1, 1968. We there held our “all writs necessary” jurisdiction is exercisable similarly as in the Federal judiciary. We quote and adopt in Couse the Federal view that “all writs necessary” is “not confined to the issuance of writs [by an appellate court] in aid of a jurisdiction already acquired by appeal but extends to those cases which are within its appellate jurisdiction although no appeal has been perfected” and “extends to support an ultimate power of review, though it not be immediate and directly involved.” In this connection see the recent case of Stern v. South Chester Tube Co., 390 U.S. 606, 88 S.Ct. 1332, 20 L.Ed.2d 177, April 22, 1968.
The suggestion that a writ of quo war-ranto may be available to Petitioner raises the point that an official court reporter has been declared by our Court not to be a state officer (In re Opinion of the Justices, 120 Fla. 729, 163 So. 76). Apparently then, a state officer is not involved in this matter nor is a “board, commission or other agency authorized to represent the public generally” involved that could be a respondent in quo warranto. The further suggestion that Petitioner can bring declaratory judgment proceedings seems decidedly incongruous, if not puzzling, in view of the finality of the Circuit Judges’ order that Mr. Robbin’s appointment by the Governor is “invalid, null, void and of no effect.”
In summary, I conclude: the petition should not be dismissed sua sponte; that under our “all writs necessary” authority we have discretion to issue a certiorari writ to review the ex parte order which passed on the validity of part of Section 29.01 and is not directly appealable by Petitioner; that certiorari appears to be an adequate remedy instead of quo warranto; that it was no fault of Mr. Robbin he was not made a party to the proceedings in the Circuit Court; and that it seems unnecessarily delaying and expensive to require Petitioner to bring new proceedings, either in the Circuit Court or in our Court to obtain a review of the order.
My views expressed herein on the question of our jurisdiction to hear the petition are not intended in anywise to express an opinion on the merits of the order of the Circuit Judges.
ROBERTS and ADAMS, JJ., concur.