Theodore F. **TWARDZIK**, Plaintiff,

v.

Joseph T. **SEPAULEY** et al., Defendants.

Civ. A. No. 68–563.

United States District Court

E. D. Pennsylvania.

July 9, 1968.

Philip M. Hammett, Philadelphia, Pa., for plaintiff.

Donald A. Scott, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION

WEINER, District Judge.

On the twenty first day after the commencement of this action, plaintiff notified the defendants of his intention to take their depositions and also subpoened third-party witnesses to appear for the same purpose. The complaint was filed on March 14, 1968, service made on April 18, 1968. Notice of depositions were served on April 4, 1968, to be heard on April 23, 1968, in Philadelphia.

Twenty days having elapsed since the institution of suit, plaintiff, without leave of court, has the authority to depose defendants and witnesses. Fed.R. Civ.P. 26(a); 3 Moore Federal Practice ¶ 2609, at 1091 (2d ed. 1968). Defendants, their witnesses and their counsel all failed to appear at the appointed time and place for the taking of the depositions. However, on April 22, 1968, pursuant to Rule 30(b), a motion for a protective order was filed by defendants requesting a stay in the taking of the depositions and directing that depositions be taken in Schuylkill County. The wit-

nesses also filed a motion to quash subpoenas, pursuant to Rule 45(d)(2). The plaintiff countered with a motion for sanctions and for leave to file a supplemental complaint; he was then met by defendants' motion to dismiss plaintiff's action. Thus the matter rests.

■ On this motion to dismiss, it is incumbent upon us now to determine the question of jurisdiction before proceeding with other aspects of the case. Allied Poultry Processors Company v. Polin, 134 F.Supp. 278, 279 (D.Del.1963). It is initially suggested that we do not have jurisdiction over the subject matter because the action does not arise under the Constitution, laws or treaties of the United States as required by 28 U.S.C. § 1331(a).[1]

Plaintiff, as owner of 103 shares of stock in defendant, The Merchants National Bank, instituted this action on behalf of himself and derivatively on behalf of the bank alleging the following facts: The bank is a National Bank organized and existing under the National Bank Act. Prior to January 23, 1968, he was a director of said bank, the other directors being all of the individual defendants. On December 30, 1967, the bank issued its notice of annual meeting of stockholders to be held on January 23, 1968, together with a proxy statement issued by order of the Board of Directors noting that it was the intention of the persons named in the proxy to vote for the election of a board of directors which included plaintiff. Enclosed with each statement was a proxy wherein appointees represented that they would vote stock in accordance with power granted by shareholders either for or against election of seven persons listed in the proxy statement one of whom was the plaintiff. Proxy holders obtained sufficient proxies to assure election of plaintiff, but by order of the individual defendants and contrary to the representations made in the proxy statement and the proxy itself, they voted for other directors and the plaintiff was defeated for office. In effect, it is alleged that the election of the board of directors was accomplished through the circulation of a false and misleading proxy statement by those advising of the purpose of the election. The setting aside of the election of defendant directors, a declaration voiding the election, and damages are sought by the plaintiff.

■ National banks are citizens of the states in which they are respectively located. Mercantile National Bank at Dallas v. Langdeau, 371 U.S. 555, 566, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963) and jurisdiction cannot be assumed unless a federal question is involved. Continental National Bank of Memphis v. Buford, 191 U.S. 119, 124, 24 S.Ct. 54, 48 L.Ed. 119 (1903).

■ The plaintiff contends that the pertinent part of the National Bank Act, 12 U.S.C. § 61[2] providing for the election of directors establishes an area conferring jurisdiction upon the federal courts. It is our opinion that questions concerning the election of directors of a national bank are subject to the jurisdiction of federal courts. To the same effect, see Wahyou v. Central Valley National Bank, 361 F.2d 755, 757 (9th Cir. 1966), wherein an injunction was granted prohibiting a board of directors of a national bank from exercising the duties of their office.

■ Defendants further argue that the required $10,000 jurisdictional amount under 28 U.S.C. § 1331(a) is not present. The thrust of this contention is that the only damage to plaintiff by reason of his failure to be elected is the $2000 director's fee that he would be

---

1. 28 U.S.C. § 1331(a) provides: "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000 exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

2. "In all elections of directors, each shareholder shall have the right to vote the number of shares owned by him for as many persons as there are directors to be elected * * * Shareholders may vote by proxies duly authorized in writing * * * ".

paid. This reasoning is fallacious. If successful, the amount claimed to be recoverable might include director's fees improperly paid by the bank to the six individual defendants; costs and expenses of the election having a suggested monetary value of $15,000. We will also accept the statement of plaintiff's attorney that Twardzik is the owner of 103 shares of the Bank's stock having an aggregate worth of $46,765. We therefore resolve, from the pleadings and averments taken together, that the jurisdictional amount is present. Cf. Stern v. South Chester Tube Co., 390 U.S. 606, 88 S.Ct. 1332, 20 L.Ed.2d 177 (1968).

▪ Defendant further maintains that the action should be dismissed because of the failure of plaintiff first to present this question to the Comptroller of the Currency in compliance with the provisions of 12 U.S.C. § 1818(b) (2).

Plaintiff by affidavit attached to his "Memoranda Contra Defendants' Motion to Dismiss" avers that notice of the question was presented and that the Comptroller was familiar with the matter, having been contacted by management, and that he refused to take any position. The purpose of the requirement of notice has been accomplished and invalidates defendants' contention.

▪ The view that it is only those who executed the proxies that can complain of the action of the proxyholder is offered by the defendants as a reason to dismiss the action. In support thereof they cite the cases of Stockholders Committee for Better Management of Erie Technological Products, Inc. v. Erie Tech. Prod., Inc., 248 F.Supp. 380, 384 (W.D.Pa.1965) and Commonwealth ex rel. Laughlin v. Green, 351 Pa. 170, 177, 40 A.2d 492 (1945). These two cases do not involve federal law. *Stockholders Committee*, supra, is a diversity shareholder's action involving the question of the extent to which the directors and majority shareholders of a Pennsylvania corporation may legally diminish the right of cumulative voting. Citing *Laughlin*, supra, the court stated that in the proxy solicitation contest it found nothing more than an expression of opinion; further holding that if misrepresentation did exist it would give a cause of action only to such shareholders who gave proxies to defendants in reliance upon the false misrepresentation to their injury. Yet, *Laughlin* at 177, 40 A.2d at 495, reads as follows: "If proxies were obtained by fraudulent methods they might be held to be null and void, at least on the complaint of stockholders who gave them in reliance on the statements made in the course of solicitation". There is no expression limiting the right to bring a cause of action to persons who gave proxies. Having previously concluded that this case presents a federal question, we are also of the opinion that a stockholder who alleges damage as a result of deceptive proxy solicitation has the right to seek relief in a federal court.

This conclusion is compelled by J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). There the Supreme Court was confronted by an action brought by a stockholder on behalf of respondent and other shareholders. He averred that a merger was effected through the circulation of a false and misleading proxy statement by those proposing the merger. In holding that the action was proper the Court states: at 427, 84 S.Ct. at 1560,

> The injury which a stockholder suffers from corporate action pursuant to a deceptive proxy solicitation ordinarily flows from the damage done the corporation, rather than from the damage inflicted directly upon the stockholder. The damage suffered results not from the deceit practiced on him alone but rather from the deceit practiced on the stockholders as a group. To told that derivative actions are not within the sweep of the section would therefore be tantamount to a denial of private relief.

The remaining motions to be decided are: (a) plaintiff's motion for sanctions and for leave to file a supplemental complaint; (b) defendant's motion for a

protective order; and (c) the witnesses' motion to quash the subpoenas.

The motions filed by plaintiff and defendants, with the exception of motion for leave to file a supplemental complaint, are interrelated, and will be consolidated.

■ We will not impose sanctions at this time. Our decision is not to be interpreted in any way as approving the conduct of the defendants, and we criticize the filing of a motion for a protective order on the very day on which the depositions were scheduled. We have denied sanctions because of the background of the chronology of events surrounding the filing and service of the complaint. The complaint was filed on March 14, 1968. Service was not made until April 18, 1968. Depositions were to be taken on April 22, 1968. The opportunity to engage a lawyer, examine the complaint, to submit to examination and for counsel to consult with his clients was cut to four days. Although notice to depose was given on April 4, 1968, a sufficient interval of time did not elapse between the date of service of the complaint and the time of the taking of the depositions. See Caribbean Construction Corp. v. Kennedy Van Saun M. & E. Corp., D. C., 13 F.R.D. 124, 126 (1952). In addition to the above, counsel for the defendants was of the opinion that we did not have jurisdiction of the subject matter and that if he were right there would be no necessity to take depositions. Under all of the circumstances of this case we cannot find that defendants' failure to appear before the officer who was to take their depositions was willful.

■ The defendants' motion to stay the taking of depositions will be denied. The possibility of a future merger will not be accepted as sufficient cause to delay depositions.

They reside, are employed and transact their business in Schuylkill county where they were served. They are required to attend depositions only in the county wherein they were served with a subpoena, or within 40 miles from the place of service, or at such convenient place as is fixed by an order of court. Fed.R. Civ.P. 45(d) (2).

■ Defendants and plaintiff all reside in Shenandoah, Schuylkill County. We believe that it would be oppressive to require all defendants to come to Philadelphia for the purpose of taking their depositions. It is our order that the defendants shall be examined at Shenandoah, Schuylkill County.

Plaintiff further seeks leave to file a supplemental complaint. Therein, in substance he avers that the defendant directors violated section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Securities and Exchange Commission Rule, 17 C.F.R. § 240, 10b–5 (1968) which makes it unlawful, essentially, to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in connection with the purchase or sale of any security.

The supplemental complaint describes the mechanics of the alleged fraudulent scheme as follows:

That over a period of several years, defendant directors had quoted to stockholders the going market prices at which their shares could be sold. The defendants, for themselves accumulated large numbers of shares by purchasing same for $200 per share which was an artificially depressed price and during same time dissuaded others from purchasing stock. They now have proposed to the shareholders a merger and if completed the value of the stock would increase to $455 a share. It is contended that the artificially depressed price at which defendants bought injured the bank. The theory upon which the above is predicated is that the bank was deprived of the opportunity to sell shares at a fair market price which was in excess of the price improperly set by the director defendants and possible liability of the bank to its shareholders who sold their stock because of the deceptive practices of the directors thereof.

For the purpose of this argument we must accept as true the allegations con-

tained in the proposed supplemental complaint.

Unquestionably, the stockholders who were persuaded to sell their stock as a result of false representations have a cause of action against the wrongdoers, e. g., Kremer v. Selheimer, 215 F. Supp. 549, 553, (E.D.Pa.1963). A stockholder may also bring an action on behalf of himself and other stockholders charging that the officers and directors of a corporation have defrauded it by illegal devices and schemes designed to cheat the corporation and enrich the individual defendants. Surowitz v. Hilton Hotels Corp., 383 U.S. 363, 365, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966). It is not sufficient to show that a third person, in a separate transaction, was defrauded. Kremer v. Selheimer, supra, 215 F.Supp. at 552, citing Slavin v. Germantown Fire Ins. Co., 174 F.2d 799, (3d Cir. 1949). It is vital for the plaintiff to establish that he was a stock holder who suffered a loss in connection with the purchase or sale of any security. Vine v. Beneficial Finance Co., 374 F.2d 627, 633 (2d Cir. 1967), or that this is a derivative action wherein the bank sustained a loss because of the wrongful actions of its officers and directors. Dasho v. Susquehanna Corporation, 380 F.2d 262, 265, 266 (7th Cir. 1967). The alleged misrepresentations by the defendant directors concerning the market price of the bank's stock and their other alleged manipulation establish injury to the corporate body and is an invasion of federally secured rights. The plaintiff is not either a buyer or seller of securities but the motion to supplement will be allowed as a derivative action.

### ORDER

The motion of the plaintiff for sanctions is denied. The motion of the plaintiff to file a supplemental complaint as a derivative action is granted. The defendant to answer said complaint within twenty days from service thereof.

Further, the motion of the defendants to dismiss plaintiff's action is denied. The motion of the defendants requesting a stay of the taking of the depositions is denied. The motion to quash subpoenas is granted. It is directed that the plaintiff shall depose defendants and witnesses John R. Leach and Edward J. Koons at Shenandoah, Pennsylvania.

It is so ordered.