**Henry D. REICHLIN, Plaintiff,**

v.

**Louis E. WOLFSON, Robert C. Baker, Herman B. Block, Robert E. Harvey, Paul H. Hershey, Myles C. McGough, Marshall G. Staub, Elkin B. Gerbert and Merritt-Chapman & Scott Corporation, Defendants.**

**No. 66 Civ. 3111.**

United States District Court
S. D. New York.

Aug. 6, 1969.

Mnuchin, Moss & Marlan, New York City, for plaintiff.

Cleary, Gottlieb, Steen & Hamilton, New York City, for defendants Wolfson and Gerbert.

Gasperini, Koch & Savage, New York City, for defendant Merritt-Chapman & Scott Corp.

## MEMORANDUM

TENNEY, District Judge.

This is a motion by plaintiff, pursuant to Rule 23 of the Federal Rules of Civil Procedure, seeking an order directing that the within cause be maintained as a class action.

Briefly, plaintiff was the owner of $32,000.00 principal amount of 4½ per cent[1] convertible subordinated debentures of the Merritt-Chapman & Scott Corporation (hereinafter referred to as "Merritt-Chapman"), due July 1, 1975. The debentures were listed and traded on the New York Stock Exchange, and each was convertible into fifty shares of the common stock.

On July 1, 1965, Merritt-Chapman published notice of its intention to redeem, on July 31, 1965, the entire class of convertible debentures at a redemption price of $101.25 plus accrued interest. At the time of this announcement, approximately $15,000,000. principal amount of debentures was outstanding.

When the debentures were called, the plaintiff was required to decide whether to allow the redemption of his debentures or to convert them into the common stock of the corporation. The common stock, at that time, was selling at approximately $19.00 per share, so that a redemption would realize slightly more, on the basis of market value, than would a conversion into common stock.

It is plaintiff's contention that the defendants, prior to the time that the bondholders were required to make a decision in this matter, never disseminated information revealing that they intended to cause Merritt-Chapman to make a tender offer in the near future for a large block of its common stock at a price substantially above that established by the prevailing market. On September 10, 1965, shortly after the expiration of the call, defendants announced Merritt-Chapman's proposed tender offer to purchase up to 1,500,000 shares of its common stock at a purchase price of $26.50 per share, consisting of a package of cash and securities. Plaintiff alleges that had he and the other debenture holders known at the time of the call that the common stock of Merritt-Chapman could shortly thereafter be sold at approximately $25.65 per share, they would have converted their debentures to common stock rather than allowing the redemption.

It is plaintiff's position herein that inasmuch as the defrauded bondholders are united by common questions of law and fact, and in that it would be im-

1. An indenture modification subsequently increased the interest on this issue to five per cent.

practicable for each of them individually to enforce his or her respective rights, this cause should properly proceed as a class action.

It is well established that:

"[A] fraud perpetrated on numerous persons by the use of similar misrepresentations may be an appealing situation for a class action, and it may remain so despite the need, if liability is found, for separate determination of the damages suffered by individuals within the class." Proposed Rules of Civil Procedure, 39 F.R.D. 69, 103 (1966).

This is so because in a suit of this nature, it is clear that there exist questions of fact and law common to all the claims asserted. Escott v. Barchris Construction Corp., 340 F.2d 731 (2d Cir.), cert. denied sub nom. Drexel & Co. v. Hall, 382 U.S. 816, 86 S.Ct. 37, 15 L.Ed. 2d 63 (1965). It is plain, in this case, that the following questions would be common to all those persons allegedly aggrieved:

1. Did the defendants contemplate a tender offer at the time of the redemption call?

2. To what extent had the defendants decided upon the terms of such tender offer?

3. Were these facts concealed from the debenture holders?

4. Were such facts material?

5. Did the actions of any of the defendants constitute violations of the federal securities laws giving rise to a private right of action?

Although the defendants attempt to distinguish the plaintiff from the class which he seeks to represent on the ground that the plaintiff was an expert in investment securities and on somewhat intimate terms with the officers of Merritt-Chapman, as opposed to being an average lay investor, this difference is not one which precludes this Court from permitting a class action to be maintained. Mersay v. First Republic Corp. of America, 43 F.R.D. 465 (S.D.N.Y.1968). As enunciated in *Mersay,* even if plaintiff is an "insider" and not representative in the sense that he is not the average, uninformed investor, he is still entitled to maintain a class action where the interests he is asserting are his interests and are not in any way antagonistic to or in conflict with the interests of the class which plaintiff seeks to represent. *Id.* at 468. It appears, in this case, that plaintiff's interest as a debenture holder could not be more compatible with the interests of the other bondholders, all of whom redeemed allegedly without knowledge of the anticipated tender offer.

Additionally, it should be noted that the mere fact that this plaintiff may have been told orally by one of the officers of Merritt-Chapman that no tender offer was expected in the future is simply a confirmation of the common thread which binds the plaintiff to the other bondholders, that being the failure by defendants to inform the holders of Merritt-Chapman debentures of a certain material fact which would have affected their decision to redeem, and in no sense can be found to be that kind of material variation in representation so as to make a class action impracticable. Esplin v. Hirschi, 402 F.2d 94 (10th Cir. 1968). In *Esplin, id.* at 99–100, the Court clearly explained:

"It is no doubt true that in determining the predominance of common over individual questions, the critical test is 'whether there is a "material variation" in elements like the representations made by the defendants to different members of a plaintiff class * * *.' Accordingly, defendants stress the fact that there were oral misrepresentations that varied with respect to each of the purchasers. It is urged that this factor is exactly what was referred to by the Advisory Committee when it declared that ' * * * although having some common core, a fraud case may be un-

suited for treatment as a class action if there was material variation in the representations made or in the kinds or degrees of reliance by the persons to whom they were addressed.' 39 F.R.D. 103. * * * As to the 10b–5 action, the statement is relevant but not controlling. This is because the plaintiffs were not relying merely upon oral representations whose content would vary as to the class members, but rather,. as later established at the trial, the investors did not rely upon oral misrepresentations at all, or for that matter upon any affirmative representations, but upon a complete failure to disclose any material facts —which default was necessarily common to all shareholders.[12] "

Footnote 12 in the above-quoted text reads, in pertinent part, as follows:

"12. * * * The fact that one or more members of the class may have received additional affirmative misrepresentations would merely be cumulative inasmuch as the omissions alone were sufficient to establish deceptive practices. In sum, it was alleged and later proved that the omissions which were the operative facts relied upon to show fraud were the same as to all investors."

■ Nevertheless, despite the fact that this law suit, in the opinion of this Court, would be most appropriately brought as a class action, plaintiff has failed to utilize the proper discovery process as indicated by the Supreme Court in Stern v. South Chester Tube Co., 390 U.S. 606, 88 S.Ct. 1332, 20 L. Ed.2d 177 (1968) to recover corporate records or, in this case, the list of Merritt-Chapman bondholders, so that this Court might have sufficient evidence before it to conclude that enough persons constitute the plaintiff class to make a joinder of its members impracticable. Nor has plaintiff made any showing that such discovery is unavailable. E. g., N. Y. Business Corporation Law, McKinney's Consol.Laws, c. 4, § 518. Plain-

tiff contends that inasmuch as $7,311,–000 principal amount of debentures were redeemed, and since plaintiff Reichlin, holder of thirty-two of these debentures, was regarded by defendants as one of the largest debenture holders (Reichlin Deposition of November 1, 1967 at 21, 36), even assuming plaintiff to have only average holdings, this would indicate that approximately 250 debenture holders actually redeemed their bonds. Since this theory could as easily reflect the existence of no more than a handful of bondholders, it would be too speculative, without further proof, for this Court to allow the cause to proceed as a class action at this time. Demarco v. Edens, 390 F.2d 836, 845 (2d Cir. 1968).

Accordingly, plaintiff's motion to proceed as a class, pursuant to Fed.R.Civ. P. 23, is herein denied, without prejudice, and with leave to renew at such time as a better showing is made that the alleged class are so numerous as to make it impracticable to bring them all before the court.

So ordered.