**CLARK EQUIPMENT COMPANY et al.,**
**Plaintiffs-Appellees,**

v.

**ARMSTRONG EQUIPMENT COMPANY**
**et al., Defendants-Appellants.**

**No. 28725.**

United States Court of Appeals,
Fifth Circuit.

Sept. 1, 1970.

William G. West, Jr., Morris K. Sirote, Birmingham, Ala., for appellants; Sirote, Permutt, Friend & Friedman, Birmingham, Ala., of counsel.

James C. Barton, Charles L. Robinson, Birmingham, Ala., for appellees, Clark Equipment Company, and others; Deramus & Johnston, Birmingham Ala., of counsel.

Before JONES, WISDOM and COLEMAN, Circuit Judges.

JONES, Circuit Judge:

In 1965 the State of Alabama enacted the Uniform Commercial Code, Code of Alabama, Title 7A, to become effective January 1, 1967. Among its provisions is the following:

> "*Default; procedure when security agreement covers both real and personal property.*—(1) When a debtor is in default under a security agreement, a secured party has the rights and remedies provided in this Part and except as limited by subsection (3) those provided in the security agreement. He may reduce his claim to judgment, foreclose or otherwise enforce the security interest by any available judicial procedure. * * *" Code of Ala., Title 7A, § 9–501.

Armstrong Equipment Company, an Alabama corporation, the appellant, was indebted to Clark Equipment Company, a Delaware corporation, and its subsidiaries, one a corporation of Delaware and another a corporation of Michigan, collectively called Clark, the appellees, in an amount of something more than $1,-800,000 and executed a security agreement dated January 30, 1967, which created a lien, referred to in the Code as a security interest, upon heavy equipment which for the most part was road building equipment and parts. Much of the equipment was leased to others and was being used by the lessees. The equipment, both that which was leased and that which was not, was located in the States of Alabama, Florida, Georgia, Mississippi and Tennessee. The security agreement covered the lessor's interest in the leases. The security agreement provided, among other things, that:

> "If any of the events of default specified herein shall occur, all amounts due or to become due hereunder shall accelerate and become immediately due and payable without notice or demand and Clark, Credit, Rental or Leasing may exercise and shall have any and all rights and remedies accorded to them by the Uniform Commercial Code as in effect from time to time under applicable state law. In addition, they may require borrower to assemble the collateral and make it available to them at a place to be designated by them which is reasonably convenient to all parties. As to any collateral which is rented to a customer of borrower; Clark, Credit, Rental or Leasing shall be deemed to have taken possession of borrower's interest in such collateral by giving notice to the lessee of such collateral that Clark, Credit, Rental or Leasing has

acquired borrower's interest. Where reasonable notice is required to take action under applicable law, it is agreed that reasonable notice shall mean notice sent to borrower at least ten (10) days before the time of sale or disposition of the collateral by any of the methods provided in Section 15.1 hereof. Borrower shall pay Clark, Credit, Rental or Leasing on demand any and all expenses, including reasonable attorney's fees, incurred or paid by Clark, Credit, Rental or Leasing in protecting or enforcing any of their rights hereunder."

Clark brought an action to foreclose against Armstrong in the United States District Court for the Northern District of Alabama, and sought the protective relief of a mandatory injunction requiring Armstrong to assemble the equipment, and other property upon which a lien was asserted (excluding the leased equipment but including the leases), and make it available to Clark. The Code provides:

*"Secured party's right to take possession after default.*—Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. If the security agreement so provides the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. * * *" Code of Ala., Title 7A, § 9–503.

The Uniform Commercial Code permits and the security agreement here provides for the transforming of that which was a lien in the nature of a conventional mortgage lien into a pledge. It might be observed in passing that the law in Alabama, as in most States, prior to the adoption of the Uniform Commercial Code, favored debtors and after the adoption of the Code, the law placed the creditor in the favored position.

The court entered a preliminary injunction, after a hearing, finding that Armstrong was in default in making payments as required by the security agreement and directed that Armstrong make payments in accordance with the agreement. Clark was required to post a $5,000 bond. Thereafter, following a further hearing, the court issued another injunctive order requiring Armstrong to assemble the described equipment, much of which was in States other than Alabama, and make it available to Clark. Clark was directed to sell the collateral and account for the proceeds. Clark was ordered to post a bond in the amount of $1,000,000. Armstrong was given the option of posting a bond in a like amount and retain possession of the equipment and other property covered by the security agreement. Clark posted the required bond. Armstrong has appealed from this mandatory injunction.

The principal argument of the appellant, Armstrong, and the only one which requires our consideration, is that courts are without jurisdiction to grant the injunctive relief for the enforcement of the covenant of Armstrong in the security instrument to assemble and make available to Clark the property covered by the lien. It is urged that this is particularly true with respect to a Federal district court.

Armstrong does not challenge the validity of the part of the Code which provides for an agreement authorizing the creditor, in the event of a default, to require that the property upon which a lien has been created to be assembled and made available to the creditor. It urges that resort must be had to the State remedy of detinue in order to enforce the substantive right created by the agreement made pursuant to the Code.

■ It may be that, under some circumstances, the remedy of detinue would

be available to enforce the covenant of a debtor to assemble and make available to the creditor the collateral subject to a security agreement given pursuant to the provisions of the Uniform Commercial Code. Rule 64, Fed.Rules Civ.Proc. 28 U.S.C.A. In this case, where the equipment was in five States, no one possessory action would provide an adequate remedy. Neither the Federal Rules of Civil Procedure nor the Erie doctrine deprive Federal courts in diversity cases of the power to enforce State-created substantive rights by well-recognized equitable remedies even though such remedy might not be available in the courts of the State. See Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231.

■ The Alabama law authorized and the security agreement required Armstrong to assemble and make available to Clark the property subject to the lien. This is something different from a right of Clark, the creditor, to take possession, a right which might be, under some circumstances, enforced by detinue. It may be noted that the Code provides for the enforcement of the provision to assemble and make available to the creditor by action but does not attempt to specify the kind of action. The injunctive relief granted was not only within the court's jurisdiction but was, we think, the only appropriate remedy for the enforcement of the terms of the agreement in view of the location of the property in five different States. See Stern v. South Charter Tube Co., 390 U.S. 606, 88 S.Ct. 1332, 20 L.Ed.2d 177.

It should be noted that nothing is here decided except as to the injunction before the Court on appeal. The merits are not before the Court.

The district court did not commit error in granting the mandatory injunction directing Armstrong to assemble the equipment and other property subject to the security agreement and make it available to Clark. The judgment of the district court is

Affirmed.