**Marilyn LLOYD, etc., Plaintiff,**

v.

**CESSNA AIRCRAFT COMPANY, Defendant and Third-party Plaintiff,**

v.

**UNITED STATES of America, Third-party Defendant.**

**No. CIV-4-75-40.**

United States District Court,
E. D. Tennessee,
Winchester Division.

June 1, 1976.

*Twardzik v. Sepauley*, D.C.Pa. (1968), 286 F.Supp. 346, 350[7]. Upon the motion of the plaintiff, and for good cause shown, the Court hereby

ORDERS that such notice hereby is QUASHED, Rule 26(c)(1), Federal Rules of Civil Procedure. Counsel for the defendant and third-party plaintiff shall forthwith engage adversary counsel in a telephone conference and undertake to agree orally upon a reasonable time for the taking of the depositions heretofore noticed.

John C. Curtis and Charles P. Dupree, Chattanooga, Tenn., for plaintiff.

Paul R. Leitner and R. Vann Owens, Chattanooga, Tenn., for Cessna.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., Andrew J. Dilk (FAA), Jonathan M. Hoffman, Dept. of Justice, Washington, D. C., for the U. S.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

On Wednesday, May 26, 1976 the defendant and third-party plaintiff served notice on adversary counsel in Chattanooga, Tennessee and Washington, D.C. that certain depositions would be taken in Los Angeles, California, commencing on Tuesday, June 2, 1976. The Court notices judicially that the intervening Monday, May 31, 1976 was observed as a national holiday, so that such adversary counsel had only two full working days' notice of depositions to be taken cross-country or half cross-country, respectively, for them.

There was no showing made of any special need for the taking of such depositions in such haste, and under the circumstances the notice given thereof was patently unreasonable, improper and invalid. *Cf. Stover v. Universal Moulded Products Corp.*, D.C.Pa. (1950), 11 F.R.D. 90, 91[6];