**Dayton DUNN, Plaintiff,**

v.

**The STANDARD FIRE INSURANCE COMPANY, Defendant.**

**No. Civ-2-80-209.**

United States District Court, E. D. Tennessee, Northeastern Division.

Oct. 9, 1981.

N. R. Coleman, Jr., Greeneville, Tenn., for plaintiff.

J. Patrick Ledford, Kingsport, Tenn., for defendant.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff gave notice that, on a certain date in Kingsport, Tennessee, its counsel " * * * will take the deposition of Mr. Clay Woodman, Senior Claim Representative of the defendant, * * * and a managing agent of such defendant * * * 1." The

---

**1.** The Court does not read the notice as having been given under the provisions of Rule 30(b)(6), Federal Rules of Civil Procedure, which require the entity so notified to designate the managing agent or other person who will testify on behalf of the corporation. That

Rule, however, supplements the practice by which the examining party may designate the corporate officer or managing agent who will testify. *Atlantic Cape Fisheries v. Hartford Fire Ins. Co.*, C.A. 1st (1975), 509 F.2d 577, 578–579[1].

defendant moved the Court to vacate such notice. *See* Rule 26(c), Federal Rules of Civil Procedure. Such motion has merit.

The defendant urges primarily that Mr. Woodman is not its managing agent.[2] " * * * The determination of whether a particular person is a 'managing agent' will be made by the trial court when the deposition is sought to be introduced or when sanctions are asked for the person's failure to appear for the taking of the deposition. * * * " 8 Wright & Miller, Federal Practice and Procedure: Civil 378, § 2103. Nevertheless, even if it were determined presently that Mr. Woodman was a managing agent of the defendant, which appears questionable, the notice given herein is unreasonable.

Requiring Mr. Woodman to travel from his residence and place of employment in Minnesota to this district for the purpose of allowing the plaintiff to take his deposition would subject him and his employer to undue burden and expense. *Cf. Lloyd v. Cessna Aircraft Co.*, D.C.Tenn. (1976), 430 F.Supp. 25, 26[2]. It is well settled that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when, as here, the corporation is the defendant. *Salter v. Upjohn Co.*, C.A. 5th (1979), 593 F.2d 649, 651[3].

Equally appropriate here would be the general area where Mr. Woodman lives and works. The plaintiff has failed to demonstrate any particular circumstances which would justify taking the deposition of Mr. Woodman in Tennessee. *See idem.*

Because of its unreasonableness as to the location of the proposed deposition, the notice herein of September 8, 1981 hereby is

VACATED. *See* Rule 26(c)(1), (2), Federal Rules of Civil Procedure.

---

**2.** This determination is significant for 2 reasons. First, if Mr. Woodman is a managing agent of the defendant, his attendance at the deposition may be obtained by notice in lieu of subpoena. Secondly, in the event he is such an agent, his deposition would be binding on the corporation. *See generally* 8 Wright & Miller, *supra*, § 2103.