NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0977n.06
Filed: December 14, 2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WILLIAM A. COHN, | ) | |
| *Plaintiff-Appellant,* | ) | |
| | ) | |
| v. | ) | No. 04-5375 |
| | ) | |
| WILLIAM H. BROWN, | ) | |
| DAVID S. KENNEDY, and | ) | |
| JENNIE D. LATTA, | ) | |
| *Defendants-Appellees.* | ) | |
| | ) | |

Appeal from the United States District Court
for the Western District of Tennessee
No. 2:03-CV-02486 – Jon P. McCalla, District Judge.

Argued: March 15, 2005

Decided and Filed: _____

Before: NELSON, Circuit Judge; BATCHELDER Circuit Judge;
and O'MALLEY, District Judge.[*]

_____/

*O'MALLEY, J.* The plaintiff-appellant William A. Cohn ("Cohn") brought this case against

defendants-appellees William H. Brown, David S. Kennedy, and Jennie D. Latta (collectively,

"Appellees"), seeking declaratory and mandamus relief. Cohn is an attorney who represents debtors

_____

[*] The Honorable Kathleen O'Malley, United States District Judge for the Northern District
of Ohio, sitting by designation.

in Chapter 13 bankruptcy cases before Appellees, who are three of the four bankruptcy judges on the United States Bankruptcy Court for the Western District of Tennessee. Cohn alleges that Appellees use a certain method of awarding attorneys' fees in bankruptcy cases in violation of his Fifth Amendment due process rights and his Fourteenth Amendment equal protection rights. Cohn seeks both a declaratory judgment that Appellees are required to utilize the specific method of awarding attorney's fees set forth by this Court in *In re Boddy*, 950 F.2d 334 (6th Cir. 1991), and mandamus relief[1] directing Appellees to use that method.

The district court dismissed Cohn's complaint following a report and recommendation from a magistrate judge on Appellees' motion to dismiss and Cohn's motion for summary judgment. The dismissal was based on findings that Cohn lacked standing to assert his claims, the claims were not ripe for adjudication, and Cohn was not entitled to mandamus relief. Cohn now appeals.

We **AFFIRM** the decision of the district court solely on the ground that Cohn lacks standing to assert his claims. Because we find that Cohn lacks standing, we do not address the issue of

---

[1] Cohn seeks a "mandatory injunction" but cites to 28 U.S.C. § 1361 in his complaint, and to both 28 U.S.C. § 1361 and 28 U.S.C. § 1651(a) in his briefs to this Court, which are the Mandamus and Venue Act and the All Writs Act, respectively. The magistrate judge and the district court, therefore, interpreted Cohn's request as one for mandamus relief. For purposes of this case, the distinction between a mandatory injunction and mandamus relief is of little, if any, significance. Indeed, the Supreme Court has noted in dicta that "[t]he distinction drawn . . . between mandamus and a mandatory injunction seems formalistic in the present day and age," explaining that the distinction was more significant before the merger of law and equity because writs of mandamus could be issued only in an action at law, while an injunction was an equitable remedy. *Stern v. S. Chester Tube Co.*, 390 U.S. 606, 609 (1968). We will refer, therefore, to Cohn's requested relief as "mandamus relief" for the sake of consistency.

ripeness or the propriety of mandamus relief.[2]

## I. BACKGROUND

We review the facts of this case rather summarily because Cohn does not allege any specific facts in his complaint. Rather, Cohn complains of a general pattern of behavior by Appellees that, according to Cohn, has caused him harm in the past and threatens to cause him harm in the future. In large part, the sparsity of the specific facts in Cohn's complaint goes to the very heart of his standing defects. Cohn's allegations are simply too generalized and the future harm too speculative to give rise to a justiciable case or controversy.

The background of the case is as follows. Cohn represents debtors in Chapter 13 bankruptcy cases before Appellees in the United States Bankruptcy Court for the Western District of Tennessee. Among other things, the United States Bankruptcy Courts have jurisdiction to award attorneys' fees in bankruptcy cases pursuant to 11 U.S.C. § 330. In *In re Boddy*, 950 F.2d 334 (6th Cir. 1991), we had an opportunity to address the procedure for awarding attorneys' fees pursuant to 11 U.S.C. § 330, and we adopted the "lodestar" method of fee calculation under that statute. As we explained in *Boddy*, the lodestar amount is calculated by "multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended." *Id*. at 337 (quoting *Grant v. Schuman Tire & Battery Co.*, 908 F.2d 874, 879 (11th Cir. 1990)).

---

[2] Although 28 U.S.C. § 1361 provides federal district courts with original jurisdiction to issue writs of mandamus in extraordinary circumstances, as with any claim, a plaintiff must nevertheless satisfy Article III's standing requirements in order to seek mandamus relief. *See, e.g., S. Hill Neighborhood Ass'n v. Romney*, 421 F.2d 454, 460-61 (6th Cir. 1970) (affirming the district court's finding that a plaintiff lacked standing to bring a mandamus action under either 28 U.S.C. § 1361 or 28 U.S.C. § 1651 before addressing whether mandamus relief would otherwise be available). Because Cohn has failed to establish standing to seek such relief, we dismiss his claim on standing grounds only.

Cohn, believing that Appellees are not applying the lodestar method of fee calculation, brought suit seeking a declaratory judgment that Appellees are required to apply the lodestar method and requesting a mandamus order directing Appellees to do so. According to Cohn, Appellees are using a "threshold" or "lump-sum" calculation such that attorneys' fees are awarded, not on a case-by-case basis as they would pursuant to the lodestar method, but based on a standard figure which ignores the actual hours spent on a given matter.[3] Cohn also complains that Appellees improperly treat fee awards in bankruptcy cases as inferior to those of secured creditors, rather than as administrative expenses, thereby preventing attorneys from receiving full fee awards if the Chapter 13 plan is dismissed prior to completion of all payments.

In his complaint, Cohn does not cite to any specific case in which Appellees applied the incorrect procedure for calculating fees;[4] rather, he alleges generally that "attorneys in Chapter 13

---

[3]    Apparently, this method is employed in an effort to streamline the process of awarding attorneys' fees in the face of an overcrowded docket. At oral argument, counsel for Appellees explained that the lump sums are intended to approximate what a reasonable lodestar request would be for the handling of typical Chapter 13 matters, thus relieving the Bankruptcy Court of the time-consuming task of completing an actual lodestar calculation and then assessing the reasonableness of the resulting dollar amount. Because this action is not the appropriate vehicle for us to do so, we express no opinion on the wisdom or legality of this approach.

[4]    Cohn argues that he is not required to cite to any specific cases in which Appellees improperly awarded attorneys' fees because specific cases are a matter of proof to be developed later, not at the pleadings stage to survive a motion to dismiss. The elements of standing, however, "are not mere pleading requirements but rather an indispensable part of the plaintiff's case," and they must be supported in the same way as any other matter that the plaintiff bears the burden of proving. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 883-889 (1990)). Even at this stage of the proceedings, accordingly, Cohn is required to point the Court to a cognizable harm - that is, to at least a single specific fee award that differs from that to which he would have been entitled under *Boddy*.

are not paid appropriately, nor are they paid in full as an administrative expense," and that Appellees' procedure "renders a lack of protection to the debtors and to the lawyers." Essentially, Cohn's argument is that Appellees continually are refusing to follow the lodestar method for awarding attorneys' fees in Chapter 13 bankruptcy cases established by this Court in *Boddy* and are thereby financially harming attorneys who represent debtors before Appellees.[5]

In the underlying proceeding, Appellees filed a motion to dismiss Cohn's complaint, and Cohn thereafter filed a motion for summary judgment. The district court referred those two motions to a magistrate judge, who issued a report and recommendation that Appellees' motion to dismiss be granted and Cohn's motion for summary judgment be denied. Specifically, the magistrate judge found that Cohn lacked standing to assert his claims, his claims were not ripe for adjudication, and that, even if he could assert his claims as postured, Cohn was not entitled to mandamus relief because an alternative avenue was available to redress his complaints about Appellees' conduct - a direct appeal from any allegedly improper fee award. On March 16, 2004, the district court entered an order adopting the magistrate's report and recommendation and dismissing the action. Cohn filed a timely notice of appeal.

## II.    ANALYSIS

### A.    Standard of Review

We review a district court's legal determination of standing *de novo*. *Grendell v. Ohio*

---

[5]    Cohn also amended his complaint to include a proposal that the district court graft a procedure for awarding attorneys' fees onto 11 U.S.C. § 1305(a), a section pertaining to filing post-petition tax and consumer debt claims against the debtor. In his brief to this Court, Cohn explains that this proposal should be considered if we "affirm" Appellees' so-called threshold or lump-sum method of awarding fees. Because we do not reach the merits of this case, we decline to address Cohn's alternate proposal.

*Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001). In addition, because the district court disposed of this case on a motion to dismiss, we accept all of Cohn's factual allegations as true. *Id.*

## B. The Standing Doctrine

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" or "controversies." To determine when a matter is a "case" or "controversy," that is, when a dispute or claim is justiciable or appropriately resolved through the federal judicial process, one of the tools the Supreme Court has developed is the doctrine of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). A plaintiff's standing to have the merits of his case decided by a federal court is the "threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498 (1975); *Coyne v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999).

The Supreme Court has identified three elements that compose the "irreducible constitutional minimum" of standing. *Lujan*, 504 U.S. at 560. First, the plaintiff must have suffered an "injury in fact." *Id.* The injury must be "concrete and particularized" and it must be "actual or imminent, not conjectural or hypothetical." *Id*. (citations omitted). Second, the injury suffered must be "fairly traceable," or causally connected, to the challenged conduct. *Id.* (citation omitted). Third, it must be likely, and not merely speculative, that the injury will be "redressed by a favorable decision." *Id.* at 561.

Because the case at bar involves declaratory and injunctive relief (to the extent that Cohn's mandamus claim is akin to a claim for a mandatory injunction), Cohn may make a pre-enforcement challenge before the actual completion of a concrete and particularized injury. *Grendell,* 252 F.3d at 832. Cohn, however, must still show "actual present harm or a significant possibility of future harm" in order to warrant pre-enforcement review. *Id.* (quoting *Nat'l Rifle Ass'n of Am. v. Magaw*,

132 F.3d 272, 279 (6th Cir. 1997)).

Further, a plaintiff must have standing for *each* claim he asserts. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) (finding that a plaintiff's standing for damages claim does not establish his standing to seek injunctive relief); *Donahue v. City of Boston*, 304 F.3d 110, 116 (1st Cir. 2002) ("[A] plaintiff must ensure that he establishes standing for each claim and for each form of relief sought"). The burden of establishing standing lies with the plaintiff. *Lujan*, 504 U.S. at 561.

## C.      Cohn's Claims

Cohn asserts two claims.   He seeks a declaratory judgement that Appellees are required to apply the lodestar method of awarding attorneys' fees in Chapter 13 bankruptcy cases, and he seeks mandamus relief directing Appellees to apply the lodestar method in all future such cases. We will discuss both of Cohn's claims together because, although Cohn must have independent standing to assert each claim, both suffer from the same standing defects.

First, the future injury Cohn alleges is not imminent; it is speculative and conjectural. Cohn alleges that he "*has represented* debtors in Chapter 13 before the defendants . . . and that he still has Chapter 13 cases *pending* in said court." Cohn appears to argue that he has suffered past injury and is likely to suffer future harm. As an initial matter, Cohn's allegation of past injury is not sufficient to confer standing for declaratory or injunctive relief. *See O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief"); *Lyons*, 461 U.S. at 102. In addition, the fact that Cohn had cases pending before Appellees at the time he filed his complaint, or that he is likely to have future cases before Appellees, does not rescue his claims. The threat that Cohn will be harmed by some future

7

improper awarding of attorneys' fees is simply too speculative.

Even assuming that Appellees have been applying the incorrect method to calculate attorneys' fees, which we cannot determine because Cohn has failed to cite to any specific case, the threat of Cohn's future injury is "highly conjectural, resting on a string of actions the occurrence of which is merely speculative." *Grendell*, 252 F.3d at 833. In order to find that Cohn is under threat of imminent injury, we would have to find that (1) Cohn presently has cases pending in the Western District of Tennessee or is likely to bring a case there, (2) Cohn will be entitled to attorneys's fees in one of those cases, (3) Appellees will rule inconsistently with binding precedent established by this Court in *Boddy* and award attorneys' fees improperly, and (4) the award will violate Cohn's rights. This string of actions is especially tenuous given that it requires us to find that Appellees likely will violate binding precedent. Put simply, the speculative chain of events that must occur does not reach the level of imminency required to confer standing on a plaintiff in federal court.

In addition, Cohn has failed to show that a favorable ruling by the district court or this Court would redress the "injury" of which he complains. The magistrate judge put forward a well-posed question, asking "[h]ow could this court enter an order regarding awards of fees, when it is not even clear that the amount listed as the 'threshold' amount is *always* (or even *frequently*, or *ever*) insufficient?" In other words, Cohn has alleged that Appellees utilize an improper *method*, but, even if that allegation had support, Cohn does not explain how that leads to a *result*, such as a smaller fee award than he is entitled to, that has violated his constitutional rights. We agree with the magistrate judge's conclusion that, given the sparsity of factual allegations, a court could not fashion a remedy that would redress the harm Cohn alleges.

In essence, this case is simply Cohn's attempt to seek in a separate lawsuit what he can seek

only through the normal processes of appellate review. Rather than filing an appeal each time he feels that Appellees have failed to follow precedent and have improperly calculated attorneys' fees, Cohn has filed a separate action to compel Appellees generally to follow applicable law. Based on the facts alleged in this case, it is clear that Cohn lacks standing to have a federal court hear the merits of either his declaratory judgment or mandamus claims.[6]

## III.    CONCLUSION

For the foregoing reasons, the district court's dismissal of Cohn's complaint is hereby **AFFIRMED**.

---

[6] Even if Cohn had standing to bring his claim for mandamus relief, we agree with the magistrate judge's assessment that mandamus relief is unavailable because Cohn failed to utilize an available, alternate route to obtain relief, i.e., by direct appeal of a specific bankruptcy court case.