Sam **WAHYOU** et al., Defendants and Appellants,

v.

**CENTRAL VALLEY NATIONAL BANK,** a national banking corporation, W. A. Huggins and G. J. Ghiselli, Plaintiffs and Appellees.

No. 20437.

United States Court of Appeals Ninth Circuit.

April 22, 1966.

---

Forrest E. Macomber, A. Grant Macomber, Stockton, Cal., for appellants.

Fitzsimmons & Petris, Anthony W. Hawthorne, Oakland, Cal., for appellees.

Before CHAMBERS, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM.

This is an appeal from an interlocutory order of the district court granting the plaintiffs a temporary injunction. The facts may be simply stated. The directors of the Central Valley National Bank, a national banking association, were duly elected at its annual meeting of shareholders held in January, 1965.[1] Thereafter, a dispute arose between the directors and persons claiming to represent 90 per cent of the voting shares. A special shareholders' meeting called at the instance of such persons was held on June 30, 1965 and ten directors were elected to replace the incumbents.

The bank and two of the incumbent directors thereupon commenced this suit in district court to enjoin the "new" directors from taking office. Two grounds for relief were urged—(1) that properly construed, 12 U.S.C. Section 71 fixes one year as the term of office for a director and he may not be replaced prior to the expiration of that term, and (2) that the "new" directors were not validly elected because (a) the meeting was improperly called; (b) notice of the meeting was not given to all shareholders entitled to vote as required by the by-laws of the bank and (c) those who cast ballots for the "new" directors lacked authority to vote.

The district court, concluding that the suit involved a federal question and that the jurisdictional amount sufficiently appeared from the allegations of the complaint (28 U.S.C.A. § 1331), agreed with the plaintiffs in their construction of Section 71.

1. Section 71 of Title 12 U.S.C. provides in part: "The affairs of each association shall be managed by not less than five directors, who shall be elected * * * at meetings to be held on such day of each year as is specified therefor in the by-laws. The directors shall hold office for one year, and until their successors are elected and have qualified." 77 Stat. 472 (1963).

The injunction prohibited the appellants from:

"1. Attempting to carry out or implement in any manner the action of the meeting of shareholders on June 30, 1965, in purporting to remove from office the members of the Board of Directors of the CENTRAL VALLEY NATIONAL BANK who were serving in that capacity prior to said date.

2. Excepting EDMUND J. DUNNING, CHARLES P. PARTRIDGE, REYNOLDS PARTRIDGE, RALPH W. CARLSON, and CHARLES E. BIGELOW, exercising or attempting to exercise any of the powers or duties of the directors or officers of the CENTRAL VALLEY NATIONAL BANK.

3. By action of a meeting of shareholders, attempting to remove or shorten the terms of the Board of Directors elected in January, 1965 for the term of one year prior to the expiration of that term in January, 1966."[2]

Although we are satisfied that the district court had jurisdiction we conclude the appeal must be dismissed. The injunction by its terms was not to be effective beyond January, 1966, the time when the next annual meeting was to be held. That is, in our opinion, the limitation to the year's term ending in January, 1966, reaches also into paragraphs (1) and (2) of the order. The injunction heretofore entered has been spent since the date in January, 1966, when the terms of the directors elected in January, 1965, would have normally expired. This court will not ordinarily decide a question that has become moot. Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895); Morrison Cafeteria Company of Nashville, Inc. v. Johnson, 344 F.2d 690 (6th Cir. 1965). The district court did not pass upon the factual issue of whether or not the June election was valid and hence that question is not now before us.

The appeal is dismissed.

**2.** The five named persons in provision 2 of the injunction were elected at the January, 1965 meeting but were named as defendants because they were also members of the "new" board elected in June, 1965.