HUG, Circuit Judge:
I
This case involves a dispute over whether three vacancies on the board of directors of a bank were properly filled by the remaining directors. We hold that no live controversy exists between the remaining parties to the action and that the case is moot.
At the time this action was instituted, plaintiffs Lee, Yu, and Ku were three of the duly elected directors of the California Pacific National Bank (the “Bank”). Plaintiff Ho was a stockholder of the Bank. They brought this action on behalf of themselves as individuals and as a derivative action on behalf of the Bank against three other duly elected directors and three other persons who plaintiffs claimed had been illegally appointed to fill vacancies as directors. Defendants Evans, Schmidt-Wen-zel, and Harter were the elected directors. Defendants Abel Holtz, Daniel Holtz, and Richard Stone (the “Holtz Defendants”) were the persons plaintiffs claimed had been illegally appointed as directors. The plaintiffs contended that the defendants had illegally sought to seize control of the Bank and prayed for declaratory and in-junctive relief, as well as general and punitive damages.
By the time of the entry of the summary judgment that is before us on appeal, the actions against Evans, Abel Holtz, Daniel Holtz, and Richard Stone had been dismissed by stipulation. The claims for damages and injunctive relief also had been dismissed. All that remained was the declaratory judgment claim against Schmidt-Wenzel and Harter to declare that the appointment of the three directors was invalid because it allegedly violated section 74 of the National Banking Act, 12 U.S.C. § 74 (1982).
The issue in this declaratory judgment action is whether section 74 requires vacancies to be filled by a majority of the full board of directors then in office, or whether that statute authorizes a majority of a quorum present at a meeting, though less than a majority of the directors then in office, to fill the vacancies.
On October 27, 1982, the Bank held its regularly scheduled monthly board of directors’ meeting (the “October 27 Meeting”). At that time, there was one vacancy on the board. The October 27 Meeting was attended by the eight directors then in office: David Bushnell, Robb Evans, Harter, Eileen Ku, Howard K. Lee, Frederick Rohe, Schmidt-Wenzel, and Li Yu. The Holtz Defendants were also in attendance.
Harter nominated Abel Holtz to fill the existing vacancy on the board, which nomination was seconded by Schmidt-Wenzel. *1389 The vote on the motion was four-to-four, and thus, Mr. Holtz was not appointed. During the course of the October 27 Meeting, Mr. Bushnell and Mr. Rohe resigned their directorships and left the meeting. Director Eileen Ku also left the meeting. At this juncture, six directors remained in office, but only five were present at the October 27 Meeting. The five directors did constitute a quorum under the bank bylaws.
Harter nominated Daniel Holtz and Richard Stone as directors. The vote was three-to-two in favor of the appointments, with Harter, Schmidt-Wenzel, and Mr. Evans voting in favor of the motion, and Mr. Yu and Mr. Lee voting against it. The chairman of the board of directors, after being advised by bank counsel that the majority of the quorum was sufficient to fill the vacancies, ruled that Daniel Holtz and Richard Stone were elected. Following that ruling, Mr. Yu and Mr. Lee left the meeting. At this point, eight directors, Harter, Schmidt-Wenzel, Evans, Daniel Holtz, Stone, Ku, Yu, and Lee, purportedly served on the Bank’s board of directors, but only five, Harter, Schmidt-Wenzel, Evans, Daniel Holtz, and Stone, were in attendance at the meeting.
Immediately thereafter, Harter nominated Abel Holtz to fill the remaining vacancy. Harter, Schmidt-Wenzel, Daniel Holtz, and Richard Stone voted in favor of the motion; Chairman Evans abstained.
Appellees filed their action on November 3, 1982, contending that the election of the Holtz Defendants violated section 74 of the Act, and seeking a declaratory order that the election was invalid and an injunction enjoining the Holtz Defendants from serving as directors of the bank and damages. On November 4, 1982, appellees obtained a temporary restraining order enjoining the Holtz Defendants from acting as directors. Before the hearing on the temporary restraining order, the Holtz Defendants and appellees entered into a stipulation whereby the three challenged directors agreed not to act as directors of the Bank and agreed to schedule and hold a shareholders’ meeting on February 11, 1983 at which a new nine-member board of directors would be elected.
On February 11, 1983, the special meeting of the Bank’s shareholders was held and a new board of directors comprised of Lee, Yu, Ku, Harter, Schmidt-Wenzel, Stone, Daniel Holtz, and two other individuals not parties to this action were elected. There is no claim that any action was taken by the board, with the three contested members acting as directors, between the October 27, 1982 Meeting and the February 11, 1983 election.
By the time summary judgment was entered on May 1, 1984, both Stone and Daniel Holtz had resigned from the board. At that time, the only defendants remaining on the board were Harter and Schmidt-Wenzel. We hold that the issue raised by the summary judgment pleadings — whether the October 27 election was valid — was moot, and we thus vacate the judgment.
II
Generally, an action is mooted “ ‘when the issues presented are no longer “live” or the parties lack a legally cognizable interest in the outcome.’ ” Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982) (quoting United States Parole Comm’n v. Geraghty, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980) (quoting Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969)). Under this general rule, the appellees’ claim for declaratory relief was rendered moot by the special shareholders’ meeting held on February 11, 1983, at which a new nine-member board of directors was elected. With that vote, a live question was no longer present because even a favorable decision by the district court would not have entitled the appellees to relief. See Wahyou v. Central Valley National Bank, 361 F.2d 755, 757 (9th Cir.1966) *1390 (challenge to special election of board of directors mooted by expiration of term of office). The declaratory and injunctive relief requested could no longer affect the composition of the board because the new board had been duly elected by the stockholders. There was no basis for a damage claim because the appointed directors took no action as directors.
An exception to the mootness doctrine is recognized, however, in those actions that are “capable of repetition, yet evading review.” This exception is limited to cases where:
(1) [T]he challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.
Trustees for Alaska v. Environmental Protection Agency, 749 F.2d 549, 555 (9th Cir.1984) (emphasis added) (quoting Wein-stein v. Bradford, 423 U.S. 147, 149, 96 S.Ct. 347, 349, 46 L.Ed.2d 350 (1975)). The “repetition/evasion” exception is a narrow one, and applies only in “exceptional situations.” Los Angeles v. Lyons, 461 U.S. 95, 109, 103 S.Ct. 1660, 1669, 75 L.Ed.2d 675 (1983).
The exception to mootness for those actions that are capable of repetition, yet evading review, usually is applied to situations involving governmental action where it is feared that the challenged action will be repeated. The defending party being constant, the emphasis is on continuity of identity of the complaining party. When the litigation is between private parties, we must consider whether the anticipated future litigation will involve the same defending party as well as the same complaining party. In order to apply the “capable of repetition” doctrine to private parties, there must be a reason to expect that there will be future litigation of the same issue between a present complaining party and a present defending party. As noted in 13 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3533 at 291-92 (1975), “[s]o long as the parties are bound in a continuing relationship, or there is other ground for supposing that the same question quite probably will recur between them, such applications seem appropriate.” On the other hand, the possibility of a future controversy between a complaining party and some other person, not a party to the current lawsuit, does not fulfill the case or controversy requirement of article III.
Under the “capable of repetition” prong of the exception to the mootness doctrine, the plaintiffs have the burden of showing that there is a reasonable expectation that they will once again be subjected to the challenged activity. Id. at 109, 103 S.Ct. at 1669. Specifically, the plaintiff must establish a demonstrated probability that the same controversy will recur involving the same litigants. Murphy, 455 U.S. at 482, 102 S.Ct. at 1183; Williams v. Alioto, 549 F.2d 136, 146 (9th Cir.1977). The inability of the federal courts to decide moot cases derives from Article III of the U.S. Constitution, under which the exercise of judicial power depends upon the existence of a case or controversy. DeFunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (1074). Speculative contingencies afford no basis for finding the existence of a continuing controversy between the litigants as required by article III. Id. at 320 n. 5, 94 S.Ct. at 1707 n. 5. “[W]hen the chance of repetition is remote and speculative, there is no jurisdiction.” Williams v. Alioto, 549 F.2d at 142. In the instant action, the plaintiffs have the burden of proving that there is a reasonable expectation that the challenged activity will recur over their objection. Such a recurrence is extremely unlikely. On February 11, 1983, a new board of directors was elected by the shareholders of the Bank.
For this same controversy to recur between any of these litigants, there would have to occur again:
*1391 (1) One or more vacancies on the board;
(2) A meeting of the board to fill the vacancy or vacancies at which not all members are present;
(3) An attempt by a majority of a quorum, but less than a majority of the remaining members of the board seeking to fill the vacancy or vacancies by appointment over the objection of the plaintiffs;
(4) An attempt by defendants Schmidt-Wenzel and Harter in. some way to bring this about.
We find it difficult to see how Schmidt-Wenzel and Harter, as two members of a nine-member board, could realistically ever bring this about, even assuming that they chose to do so.[1] We also find it highly unlikely that all of the other conditions would again arise, with the board members in disagreement on the method for filling the vacancy.
Because there is no reasonable expectation that any of the plaintiffs will again be subjected to the same challenged activity by any of the defendants, we hold that this action was moot at the time the summary judgment was entered. Therefore, the judgment of the district court is vacated, and the case is remanded to the district court with instructions that the complaint be dismissed. Each party shall bear its own costs on appeal.
REMANDED.

. That possibility is even more remote at this time because Harter has since resigned as a director, leaving Schmidt-Wenzel the only defendant remaining on the board.